

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

Ashley R. Garman
*Senior Counsel*
Phone: (212) 356-3539
Fax: (212) 356-3509
agarman@law.nyc.gov

July 5, 2017

**BY ECF AND COURTESY COPY BY FACSIMILE**
Honorable Robert W. Sweet
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007
Fax: (212) 805-7925

      Re:    <u>Anika Edrei, et al. v. City of New York, et al.</u>, 16-cv-1652 (RWS)

Your Honor:

      I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, attorney for defendants in the above-referenced matter. I write to respectfully (1) request, on consent of plaintiffs' counsel, an extension of time of two weeks for defendants to answer the First Amended Complaint in this matter, if required, from the current due date of today, until July 19, 2017; (2) request, on consent of plaintiffs' counsel, a brief adjournment of the status conference presently scheduled for July 11, 2017, at 12:00PM; (3) apprise the Court of the parties' Rule 26(f) conference; and (4) set forth defendants' position regarding the Court's jurisdiction over this matter pending defendants' Maguire and Poletto's interlocutory appeal, and to respectfully request that even if the Court still has jurisdiction over some claims herein, any further district court proceedings be stayed pending the outcome of such appeal.

### Extension of Time to Answer

      Defendants respectfully request a further extension of time of two weeks in which to answer the First Amended Complaint in this matter, if required, from the current due date of today, until July 19, 2017. Defendants previously requested, and the Court granted, one prior extension of defendants' time to answer following the Court's decision on defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6), from June 14, 2017, until July 5, 2017. Plaintiffs'

counsel consent to the requested extension, which will not affect any other previously-scheduled dates in this matter.

The reason for this request is that, as set forth in further detail below, it is defendants' position that this Court has been divested of jurisdiction over all of plaintiffs' claims in this matter due to Maguire and Poletto's filing of a notice of interlocutory appeal related to the issue of qualified immunity on June 30, 2017 (ECF No. 57), or, in the alternative, that all further district court proceedings should be stayed pending the outcome of the appeal. Defendants respectfully submit that should the Court determine that it has no jurisdiction over this matter pending the appeal, defendants are relieved of the requirement that they answer during the pendency of the appeal. See Gleeson v. Prevoznik, 253 F.App'x 176, 179-80 (3d Cir. 2007); see also Hom Sui Ching v. United States, 298 F.3d 174, 180 n.5 (2d Cir. 2002) (district court could not rule on any motion while interlocutory appeal was pending). At a minimum, defendants respectfully submit that a brief further extension of defendants' time to answer until such time as the Court has made a determination regarding the jurisdiction and/or discretionary stay issues would be in the interests of efficiency, particularly given the length of the First Amended Complaint.

Defendants further respectfully submit that a brief further extension of defendants' time to answer the First Amended Complaint is also warranted because the undersigned is currently preparing for trial in the matter of Ryon Washington v. City of New York, et al., 15-cv-0099 (JMA) (LB), which is scheduled to commence on July 10, 2017, before Judge Joan M. Azrack.

### Adjournment of the July 11, 2017, Status Conference

Because, as set forth above, the undersigned will be on trial beginning July 10, 2017, I will be unable to attend the status conference presently scheduled in this matter for July 11, 2017, at 12:00 PM; accordingly, defendants also respectfully request a brief adjournment of that conference. Plaintiffs' counsel consent to this requested adjournment. Counsel have conferred and are available for a conference on July 18, 2017, at any time, or July 20, 2017, in the afternoon. I will also not be available during the week starting July 24 as I will be on trial before Judge Weinstein.

### The Parties' Rule 26(f) Conference

The parties met and conferred consistent with Fed. R. Civ. P. 26(f) on July 3, 2017. However, in light of defendants' recently filed notice of interlocutory appeal and the parties' disagreements, discussed further below,[1] about such fundamental issues as whether this Court retains jurisdiction over plaintiffs' Monell claims against the City and/or the remaining

---

[1] Defendants' position on these issues is discussed in this letter, below. Plaintiffs intend to file a letter response setting forth their position on these matters.

state law assault and battery claims against the individually named defendants and against the City based on a *respondeat superior* theory of liability and whether the Court should issue a discretionary stay as to discovery, the parties have not completed and sent a written discovery plan under Fed. R. Civ. P. 26(f), and respectfully request the Court's leave not to do so until after the Court resolves any disputes as to jurisdiction or related to defendants' application for a discretionary stay.

### The Filing of a Notice of Interlocutory Appeal Divested the District Court of Jurisdiction

Defendants respectfully submit that the filing of the interlocutory appeal by Maguire and Poletto divested the District Court of jurisdiction over all matters covered by the appeal. As the Supreme Court held in Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982):

> [A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.

Divestiture of jurisdiction extends to interlocutory appeals on grounds of qualified immunity. It is settled law that the denial of qualified immunity is appealable on an interlocutory basis under the collateral review doctrine. The Supreme Court has held that "[u]nder the collateral order doctrine a limited set of district-court orders are reviewable 'though short of final judgment[,]' . . . [and] 'are immediately appealable because they finally determine claims of right separable from, and collateral to, rights asserted in the action.'" Ashcroft v. Iqbal, 556 U.S. 662, 671 (U.S. 2009) (quoting Behrens v. Pelletier, 516 U.S. 299, 305 (1996)). The Supreme Court has further made clear that denial of a motion for summary judgment based on qualified immunity qualifies as a collateral order subject to immediate appeal. See Plumhoff v. Rickard, 134 S. Ct. 2012, 2018-19 (2014).

The Second Circuit has noted that the filing of a notice of interlocutory appeal on the ground of qualified immunity divests the court of jurisdiction to take further action on the claims at issue. See Abrahams v. Incorporated Village of Hempstead, 390 Fed. Appx. 4 (2d Cir. Aug. 4, 2010) (summary order). District courts within the Circuit have likewise recognized that "a district court [is divested] of jurisdiction immediately upon the filing of a request for interlocutory review under the collateral order doctrine . . . in cases 'respecting a right not to be tried,' such as . . . qualified immunity." In re South African Apartheid Litigation, 2009 U.S. Dist. LEXIS 123437, at *1 (S.D.N.Y. July 7, 2009) (Scheindlin, J.) (quoting City of New York v. Beretta U.S.A. Corp., 234 F.R.D. 46, 50, 51 (E.D.N.Y. 2006)); see also Bradley v. Jusino, 04 Civ. 8411 2009 U.S. Dist. LEXIS 42776 (S.D.N.Y. May 18, 2009) (finding that the Court lacks jurisdiction to proceed in light of defendant's interlocutory appeal, denying defendant's request for a stay as moot). "Because the very right sought to be protected by the early appeal – namely, the right not to be tried – could be lost before the appeal itself is resolved, the district court

should not retain the same authority over the litigation that it generally would during other kinds of interlocutory appeal." Beretta, 234 F.R.D. at 51.

Additionally, the filing of the interlocutory appeal divests the District Court's jurisdiction to proceed with respect to plaintiffs' purported Monell claim against the City, as the question of whether an underlying constitutional violation occurred is common both to the claims against the individual defendant officers and to the claims against the City. Because the question whether there was any constitutional violation thus will be presented in the pending interlocutory appeal, the Monell claims raising that same issue may not be tried during the pendency of the appeal. Indeed, should Maguire and Poletto prevail on their qualified immunity argument that no constitutional violation existed to begin with,[2] no Monell claim against the City could survive. See, e.g., City of Los Angeles v. Heller, 475 U.S. 796, 799, 106 S. Ct. 1571, 89 L. Ed. 2d 806 (1986) ("[I]f [the police officer] inflicted no constitutional injury on respondent, it is inconceivable that [the city] could be liable to respondent."); Pinter v. City of New York, 448 Fed. Appx. 99, 104 (2d Cir. 2011) ("[Plaintiff's] Monell claims are derivative of his claims against the individual defendants, and therefore any claims dismissed as against the individual defendants must also be dismissed as against the City. Accordingly, although not before us on appeal, the Monell claims based on [plaintiff's] allegations of false arrest and malicious prosecution must fail.").

Likewise, defendants submit that the filing of the interlocutory appeal on the qualified immunity issue divests the District Court's jurisdiction to proceed with respect to plaintiffs' common law assault and battery claims against Maguire and Poletto and attendant *respondeat* claims against the City, because the issue of Maguire's and Poletto's entitlement to immunity under New York State law on the assault and battery claims is inextricably entwined with the issue of their entitlement to qualified immunity on the federal excessive force claim. "New York law... grant[s] government officials qualified immunity on state-law claims except where the officials' actions are undertaken in bad faith or without a reasonable basis." Shamir v. City of New York, 13 cv 5652 (CM), 2014 U.S. Dist. LEXIS 97805, *19-20 (S.D.N.Y. July 15, 2014) (quoting Papineau v. Parmley, 465 F.3d 46, 63 (2d Cir. 2006)). "Under New York law, public officials are afforded 'considerably greater protection from individual capacity suits than the federal doctrine of qualified immunity.'" Wiles v. City of New York, 13 Civ. 2898 (TPG), 2016 U.S. Dist. LEXIS 148024, *34-35 (S.D.N.Y. Oct. 25, 2016) (quoting Hirschfeld v. Spanakos, 909 F. Supp. 174, 180 (S.D.N.Y. 1995)). Accordingly, should the Circuit find that

---

[2] Only Maguire and Poletto are alleged to have used the LRAD on December 5, 2014, (see FAC, ¶¶119-132), and it is the use of the LRAD that is the sole purported basis of plaintiffs' excessive force claims. Accordingly, this is not a situation in which Monell liability could attach to constitutional violations allegedly caused by some City actor or actors not named as individual defendants in this case.

Maguire and Poletto are entitled to qualified immunity on the excessive force claim, it is likely that no state law assault and battery claims could lie as against them, either.[3]

Accordingly, defendants respectfully submit that the District Court lacks jurisdiction over any of plaintiffs' claims in this case and should suspend any further proceedings in this action until the Second Circuit has completed its review and issued a mandate returning jurisdiction to the District Court.

### Alternatively, a Stay Pending Appeal is Warranted

Alternatively, assuming, *arguendo*, that the District Court still has jurisdiction herein, defendants respectfully request that the District Court stay any further District Court proceedings until the interlocutory appeal is resolved.

To determine whether to grant a stay pending appeal, the Court must consider: "(1) whether the movant has demonstrated a 'strong showing that he is likely to succeed on the merits'; (2) whether the movant will suffer irreparable injury absent a stay; (3) whether the non-moving party will suffer substantial injury if a stay is issued; and (4) the public interests that may be affected." United States SEC v. Daspin, 557 Fed. Appx. 46, *1-2 (2d Cir. 2014) (citing In re World Trade Center Disaster Site Litig., 503 F.3d 167, 170 (2d Cir. 2007). Defendants, as set forth herein, have satisfied each of these criteria, and a stay is accordingly appropriate. See Pinter v. City of New York, et al., 09 Civ. 7841, Slip Op. at *1 (S.D.N.Y. Nov. 16, 2010) ("The parties' request for a stay of any further district court proceedings pending the outcome of Defendants'' interlocutory appeal before the Second Circuit is hereby granted. The parties are instructed to inform this Court immediately when a decision is rendered.").

    i.    *Likelihood of Success on the Merits*

With respect to the first factor, defendants have demonstrated a sufficient likelihood of successfully appealing the Court's order denying qualified immunity to Maguire and Poletto. "Under federal law, a police officer is entitled to qualified immunity where '(1) his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, or (2) it was 'objectively reasonable' for him to believe that his actions were lawful at the time of the challenged act.'" Jenkins v. City of New York, 478 F.3d 76, 87 (2d Cir. 2007) (quoting Cerrone v. Brown, 246 F.3d 194, 199 (2d Cir. 2001)).

---

[3] With respect to the *respondeat* claims against the City, because as noted above Maguire and Poletto are the only City actors alleged to have used the LRAD on December 5, 2014 – which, as with the excessive force claims is the sole basis for plaintiffs' assault and battery claims – plaintiffs cannot argue here that the City has *respondeat* liability for assault and battery based on the conduct of any other City actors.

Here, the two individual defendants to this action – who are the only officers alleged to have used the LRAD on December 5, 2014 – are entitled to qualified immunity on plaintiffs' excessive force claims, because any right they may allegedly have violated with respect to their use of the LRAD to clear pedestrians out of the roadway was not clearly established at the time of the incident. See Stephenson v. Doe, 332 F.3d 68, 77 (2d Cir. 2003) ("[E]ven officers who are found to have used excessive force may be entitled through the qualified immunity doctrine to an extra layer of protection from the sometimes hazy border between excessive and acceptable force." (internal quotation marks omitted)); see also, e.g., Plumhoff v. Rickard, 134 S. Ct. 2012 (2014) (granting qualified immunity to police officers who shot the driver of a vehicle during a high-speed chase as it was not clearly established that doing so was unconstitutional); Mitchell v. City of New York, 2014 U.S. Dist. LEXIS 17147 (S.D.N.Y. Feb. 11, 2014) ("Defendants additionally are entitled to qualified immunity for their actions in handcuffing plaintiffs because it was and is not clearly established law that the officers used excessive force under the circumstances.") (citation omitted).

### ii. Defendants will Suffer Irreparable Injury Absent a Stay

With respect to the second factor, defendants would be irreparably harmed if they have to proceed with discovery and trial in this matter given that the individual defendants are entitled to qualified immunity.[4] Courts in this Circuit have held that permitting a case to go to trial where a defendant may otherwise be entitled to immunity constitutes the type of irreparable harm that a stay is intended to prevent. See Plummer v. Quinn, 07 Civ. 6154 (WHP), 2008 U.S. Dist. LEXIS 9951, at *2-3 (S.D.N.Y. Feb. 12, 2008) (citing Loria v. Gorman, 306 F.3d 1271, 1280 (2d Cir. 2002)) ("[Defendant] will be irreparably harmed if this case proceeds to trial because any immunity from suit to which she may be entitled will be lost before her appeal is decided.").

### iii. Plaintiffs will not Suffer Substantial Injury if a Stay is Issued

By contrast, with respect to the third factor courts consider, plaintiffs would not suffer any prejudice if this Court grants a stay. Plaintiffs cannot demonstrate a real interest in an even more expedient resolution of this litigation, and will suffer no real or substantial injury if this matter is stayed pending resolution of defendants' interlocutory appeal. Cf., In re World Trade Ctr. Disaster Site Litig., 503 F.3d 167, 170 (2d Cir. 2007) (substantial injury to the parties opposing the stay increased in significance with the passage of time, where plaintiffs were suffering from life-threatening injuries and/or had died since the litigation began).

---

[4] Qualified immunity is "an immunity from suit rather than the mere defense to liability and is effectively lost if the case is erroneously permitted to go to trial." Scott v. Harris, 550 U.S. 372, 376 (2007) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). This doctrine is "an entitlement not to stand trial or face the other burdens of litigation." Saucier v. Katz, 533 U.S. 194, 200 (2001).

### iv.   *Public Interests Weigh in Favor of a Stay*

Finally, defendants further submit that the fourth factor considered by courts is also satisfied, in that the public interest will be served by a stay of these proceedings pending appeal, as the Second Circuit has affirmatively held that "there is a public interest in vindicating the immunity of any of the Defendants who might be entitled to immunity from suit." In re World Trade Ctr. Disaster Site Litig., 503 F.3d 167, 170 (2d Cir. 2007). Given that defendants' appeal would be dispositive of most – and potentially all – of the remaining claims this action, proceeding with discovery and trial would needlessly waste the resources of the parties and this Court.

Accordingly, defendants respectfully submit that the District Court no longer has jurisdiction in this matter, and alternatively, that the District Court should stay all proceedings herein.

I thank the Court for its time and consideration herein.

Respectfully submitted,

Ashley R. Garman
*Senior Counsel*

cc:   Gideon Orion Oliver, Esq. **(By ECF and Email)**
      Elena L. Cohen, Esq. **(By ECF and Email)**
      Michael Decker, Esq. **(By ECF and Email)**
      *Attorneys for Plaintiffs*