UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

PAULINE SCHWARTZ,

                               Plaintiff,

      -against-

CITY OF NEW YORK, Police Officer JULIO SANTIAGO, Shield No. 23556, Police Officer MICHAEL VOSS, Shield No. 25617, Lieutenant JAMES MARCANTONATOS, Police Officer JONATHAN CHIN, Shield No. 240, and Police Officers JOHN and JANE DOES 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants.

------------------------------------------------------------------- x

**ORDER**

12 Civ. 5624 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        On June 28, 2013, I denied Defendants' motion for summary judgment, finding that there were questions of fact as to the existence of arguable probable cause and the existence of a municipal policy authorizing Plaintiff's arrest. I held that Plaintiff was entitled to seek discovery on these issues.

        In response, the individual Defendants filed an interlocutory appeal on July 26, 2013 on the grounds that they are entitled to qualified immunity. The City of New York, which cannot receive qualified immunity, is not a party to that appeal. The City nevertheless requests, in an August 26, 2013 joint letter in which Plaintiff expresses a contrary opinion, that I stay the case against them and prevent the parties from engaging in additional discovery. I decline to do so.

1

The Second Circuit recently held in Askins v. Doe, No. 12-877-cv, 2013 WL 4488698 (Aug. 23, 2013) that a case may proceed against a municipality where the individual defendants are immune from suit. If a police officer violates a plaintiff's constitutional rights, but that officer is entitled to qualified immunity, the plaintiff can still sue the municipality if the officer was acting pursuant to a municipal policy, the Second Circuit held. See id. at *4-5. Here, Plaintiff has a potentially meritorious case against the City of New York. Plaintiff has already produced a police department memorandum that suggests that the officers may have been acting pursuant to a municipal policy when they arrested her. The public has a strong interest in a case that addresses the legality of "Operation Lucky Bag," a police program that has lead to numerous controversial arrests, and I find that the other relevant factors also favor continuing the case against the City. See In re World Trade Center Disaster Site Litig., 503 F.3d 167, 171 (2d Cir. 2007).

Discovery shall therefore continue against the City according to the schedule provided in my earlier order, with the parties to appear at a status conference on January 10, 2014, at 10 a.m. The individual defendants are immune from discovery during the pendency of their appeal.

SO ORDERED.

Dated: August 28, 2013
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/23/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
PAULINE SCHWARTZ,                                            :
                                                             :   **ORDER**
                                        Plaintiff,           :
        -against-                                            :   12 Civ. 5624(AKH)
                                                             :
CITY OF NEW YORK, POLICE OFFICER JULIO                       :
SANTIAGO, Shield No. 23556, POLICE                           :
OFFICER MICHAEL VOSS, Shield No. 25617,                      :
LIEUTENANT JAMES MARCANTONATOS,
POLICE OFFICER JONATHAN CHIN, Shield No.
240, and JOHN and JANE DOE 1 through 10,
individually and in their official capacities, (the
names John and Jane Doe being fictitious as the true
names are presently unknown),

                                        Defendants.
------------------------------------------------------------ X
ALVIN K. HELLERSTEIN, U.S.D.J.:


    Plaintiff has moved this court to sanction defendants for failure to comply with this court's discovery order dated June 26, 2013. The order required "full discovery with regard to the policy of Lucky Bag" and ordered defendants to disclose within 30 days "the documents, if any, showing the development of the policy from its beginning to its conclusion and all writings that relate to that policy, and to identify witnesses who would be relevant to explain the development of that policy." Dkt. No. 31 at 37-38. Discovery was scheduled to end on December 31, 2013.

    In response to the order, defendants have produced a total of eleven pages of documents on the Lucky Bag policy. Pursuant to Fed. R. Civ. P. 30(b)(6), defendants also produced one fact witness for a deposition who was unable to adequately answer basic questions regarding Operation Lucky Bag. Defendants have failed to comply with the letter and spirit of this court's order and of Fed. R. Civ. P. 30(b)(6)

1

At a status conference on January 10, 2014, the parties discussed with the court these failures to comply with the discovery order as well as the pending interlocutory appeal in the Second Circuit regarding the officers' qualified immunity. At that time, I indicated that it would be prudent to stay discovery matters, including resolution of this dispute, until the interlocutory appeal in the Second Circuit was decided. That approach is reasonable with respect to the claims against the individual officers. The *Monell* claim against the City of New York, however, should proceed in tandem with the Second Circuit appeal pursuant to my order dated August 28, 2013. See Dkt. No. 34. The potential ruling on the individual officers' immunity does not affect the suit against the city. *Askins v. Doe*, 727 F.3d 248 (2d Cir. 2013). As such, discovery against the City in relation to the *Monell* claim is not affected by the interlocutory appeal and pending resolution in the Second Circuit.

Within twenty days the City shall tender one or more witnesses having personal knowledge of the city's policies, and all documents referring or relating thereto. If defendants fail to comply with this order, plaintiffs may again move me to sanction defendants for failure to comply with discovery orders but the request is, for the time being, denied.

The Clerk shall mark the motion (Doc. No. 35) terminated.

SO ORDERED.

Dated:  January 23, 2014
        New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge

2