UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

ANIKA EDREI, SHAY HORSE, JAMES CRAVEN,
KEEGAN STEPHAN, MICHAEL NUSBAUM, and
ALEXANDER APPEL,

No. 16 Civ. 1652 (RWS)

Plaintiffs,

**ANSWER TO THE FIRST
AMENDED COMPLAINT**

-against-

**JURY TRIAL DEMANDED**

THE CITY OF NEW YORK, et al.,

Defendants.
------------------------------------------------------------- x

Defendants[1] The City of New York, John Maguire and Mike Poletto, by their

attorney, Zachary W. Carter, Corporation Counsel of the City of New York, as and for their

answer to plaintiffs' First Amended Complaint dated August 1, 2016, (the "Complaint"),

respectfully:

1.  Deny the allegations in paragraph "1" of the Complaint.

2.  Deny the allegations in paragraph "2" of the Complaint, except admit that

plaintiffs have commenced an action seeking relief as stated therein.

3.  Deny knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph "3" of the Complaint.

4.  Deny the allegations in paragraph "4" of the Complaint.

5.  Deny the allegations in paragraph "5" of the Complaint, except refer to the

document cited therein for its contents.

6.  Deny the allegations in paragraph "6" of the Complaint, except refer to the

---

[1] The claims have been dismissed as against William Bratton.  See Order, dated May 31, 2017
(Dkt. No. 53)

document cited therein for its contents.

7.  Deny the allegations in paragraph "7" of the Complaint, except refer to the document cited therein for its contents.

8.  Deny the allegations in paragraph "8" of the Complaint, except refer to the document cited therein for its contents.

9.  Deny the allegations in paragraph "9" of the Complaint, except refer to the document cited therein for its contents.

10. Deny the allegations in paragraph "10" of the Complaint, except refer to the document cited therein for its contents.

11. Deny the allegations in paragraph "11" of the Complaint, except refer to the document cited therein for its contents.

12. Deny the allegations in paragraph "12" of the Complaint, except refer to the document cited therein for its contents.

13. Deny the allegations in paragraph "13" of the Complaint, except refer to the document cited therein for its contents.

14. Deny the allegations in paragraph "14" of the Complaint.

15. Deny the allegations in paragraph "15" of the Complaint.

16. Deny the allegations in paragraph "16" of the Complaint.

17. Deny the allegations in paragraph "17" of the Complaint.

18. Deny the allegations in paragraph "18" of the Complaint.

19. Deny the allegations in paragraph "19" of the Complaint, except admit that Exhibit B purports to be a letter from plaintiffs' counsel addressed to Bratton dated December 12, 2014, and refer to the document cited therein for its contents.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "20" of the Complaint.

21. Deny the allegations in paragraph "21" of the Complaint, except refer to document cited therein for its contents.

22. Deny the allegations in paragraph "22" of the Complaint.

23. Deny the allegations in paragraph "23" of the Complaint.

24. Deny the allegations in paragraph "24" of the Complaint.

25. Deny the allegations in paragraph "25" of the Complaint, except admit that the image contained in that paragraph purports to depict "LRAD 100X Operation Zones" and refer to that image for its contents.

26. Deny the allegations in paragraph "26" of the Complaint.

27. Deny the allegations in paragraph "27" of the Complaint, except refer to the document cited therein for its contents.

28. Deny the allegations in paragraph "28" of the Complaint, except refer to the document cited therein for its contents.

29. Deny the allegations in paragraph "29" of the Complaint, except refer to the document cited therein for its contents.

30. Deny the allegations in paragraph "30" of the Complaint, except refer to the document cited therein for its contents.

31. Deny the allegations in paragraph "31" of the Complaint, except admit that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

32. Deny the allegations in paragraph "32" of the Complaint, except admit that plaintiffs have commenced an action as stated therein.

33. Deny the allegations in paragraph "33" of the Complaint, except admit that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

34. Deny the allegations in paragraph "34" of the Complaint, except admit that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

35. Deny the allegations in paragraph "35" of the Complaint, except admit that plaintiffs purport to base venue in this district as stated therein.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "36" of the Complaint, except admit that on March 4, 2015, the City Comptroller's Office received documents purporting to be Notices of Claim by Anika Edrei, Keegan Stephan, James Craven and Shay Horse, and that on March 6, 2015, the City Comptroller's Office received a document purporting to be a Notice of Claim by Michael Nusbaum.

37. Deny the allegations in paragraph "37" of the Complaint, except admit that plaintiffs' claims were not adjusted.

38. Deny the allegations in paragraph "38" of the Complaint, except admit that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

39. Deny the allegations in paragraph "39" of the Complaint, except admit that plaintiffs seek relief as stated therein.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "40" of the Complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "41" of the Complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph "42" of the Complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "43" of the Complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "44" of the Complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "45" of the Complaint.

46. Deny the allegations in paragraph "46" of the Complaint, except admit that the City is a municipal entity created and authorized under the laws of the State of New York and that the City maintains a police department, and refer to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the NYPD, and states that the allegations regarding the City's responsibility or assumption of risk are legal conclusions to which no response is required.

47. Deny the allegations in paragraph "47" of the Complaint, except admit that, in December 2014, Bratton was the Commissioner of the NYPD and state that the allegations that he was a policymaker are legal conclusions to which no response is required.

48. Deny the allegations in paragraph "48" of the Complaint, except admit that, on December 4, 2014, and December 5, 2014, Maguire was employed by the City as a police Lieutenant and Poletto was employed by the City as a Police Officer.

49. State that the allegations in paragraph "49" of the Complaint are legal conclusions to which no response is required.

50. Deny the allegations in paragraph "50" of the Complaint.

51. Deny the allegations in paragraph "51" of the Complaint.

52. Deny the allegations in paragraph "52" of the Complaint, except admit that on December 4 and 5, 2014, Maguire and Poletto were employed by the City as police officers and were acting within to scope of and in furtherance of their employment by the City.

53. Deny the allegations in paragraph "53" of the Complaint.

54. Deny the allegations in paragraph "54" of the Complaint.

55. Deny the allegations in paragraph "55" of the Complaint, except admit that plaintiffs purport to proceed as stated therein, and state that the claims against Bratton in his individual capacity have been dismissed, with prejudice.  <u>See</u> Order, dated May 31, 2017 (Dkt. No. 53), at 39.

56. Deny the allegations in paragraph "55" of the Complaint.

57. Admit the allegations in paragraph "57" of the Complaint.

58. Deny the allegations in paragraph "58" of the Complaint, except refer to the document cited therein for its contents.

59. Deny the allegations in paragraph "59" of the Complaint, except refer to the document cited therein for its contents.

60. Deny the allegations in paragraph "60" of the Complaint.

61. Deny the allegations in paragraph "61" of the Complaint.

62. Deny the allegations in paragraph "62" of the Complaint, except refer to the document cited therein for its contents.

63. Deny the allegations in paragraph "63" of the Complaint, except refer to the document cited therein for its contents.

64. Deny the allegations in paragraph "64" of the Complaint, except refer to the document cited therein for its contents.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "65" of the Complaint.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "66" of the Complaint.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "67" of the Complaint.

68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "68" of the Complaint.

69. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "69" of the Complaint.

70. Deny the allegations in paragraph "70" of the Complaint.

71. Deny the allegations in paragraph "71" of the Complaint.

72. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "72" of the Complaint.

73. Deny the allegations in paragraph "73" of the Complaint, except refer to the document cited therein for its contents.

74. Deny the allegations in paragraph "74" of the Complaint, except refer to the document cited therein for its contents.

75. Deny the allegations in paragraph "75" of the Complaint, except refer to the document cited therein for its contents.

76. Deny the allegations in paragraph "76" of the Complaint, except refer to the document cited therein for its contents.

77. Deny the allegations in paragraph "77" of the Complaint, except refer to the

document cited therein for its contents.

78. Deny the allegations in paragraph "78" of the Complaint, except refer to the document cited therein for its contents.

79. Deny the allegations in paragraph "79" of the Complaint, except refer to the document cited therein for its contents.

80. Deny the allegations in paragraph "80" of the Complaint, except refer to the document cited therein for its contents.

81. Deny the allegations in paragraph "81" of the Complaint, except refer to the document cited therein for its contents.

82. Deny the allegations in paragraph "82" of the Complaint, except refer to the document cited therein for its contents.

83. Deny the allegations in paragraph "83" of the Complaint, except refer to the document cited therein for its contents.

84. Deny the allegations in paragraph "84" of the Complaint, except refer to the document cited therein for its contents.

85. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "85" of the Complaint.

86. Deny the allegations in paragraph "86" of the Complaint, except refer to the document cited therein for its contents.

87. Deny the allegations in paragraph "87" of the Complaint, except refer to the document cited therein for its contents.

88. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "88" of the Complaint.

89. Deny the allegations in paragraph "89" of the Complaint, except refer to the document cited therein for its contents.

90. Deny the allegations in paragraph "90" of the Complaint, except refer to the document cited therein for its contents.

91. Deny the allegations in paragraph "91" of the Complaint, except refer to the document cited therein for its contents.

92. Deny the allegations in paragraph "92" of the Complaint, except refer to the document cited therein for its contents.

93. Deny the allegations in paragraph "93" of the Complaint, except refer to the document cited therein for its contents.

94. Deny the allegations in paragraph "94" of the Complaint.

95. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "95" of the Complaint.

96. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "96" of the Complaint.

97. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "97" of the Complaint.

98. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "98" of the Complaint.

99. Deny the allegations in paragraph "99" of the Complaint, except refer to the document cited therein for a recitation of its contents.

100.    Deny the allegations in paragraph "100" of the Complaint, except refer to the document cited therein for a recitation of its contents.

101. Deny the allegations in paragraph "101" of the Complaint.

102. Deny the allegations in paragraph "102" of the Complaint, except refer to the document cited therein for its contents.

103. Deny the allegations in paragraph "103" of the Complaint.

104. Deny the allegations in paragraph "104" of the Complaint.

105. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "105" of the Complaint.

106. Deny the allegations in paragraph "106" of the Complaint.

107. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "107" of the Complaint, except admit on information and belief that in December, 2014, it was reported that a Staten Island grand jury declined to indict the NYPD officer involved in the death of Eric Garner.

108. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "108" of the Complaint, except admit on information and belief that on December 4, 2014, protests were held in the City, on the streets of Manhattan and in other boroughs.

109. Deny the allegations in paragraph "109" of the Complaint.

110. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "110" of the Complaint, except admit that NYPD officers escorted protesters.

111. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "111" of the Complaint, except admit on information and belief that on December 5, 2014, NYPD officers made arrests in the intersection of 57th Street and

Madison Avenue in Manhattan.

112.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "112" of the Complaint.

113.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "113" of the Complaint.

114.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "114" of the Complaint.

115.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "115" of the Complaint, except admit on information and belief that people threw objects, including glass bottles, towards the scene of officers making arrests.

116.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "116" of the Complaint.

117.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "117" of the Complaint.

118.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "118" of the Complaint.

119.    Deny the allegations in paragraph "119" of the Complaint, except admit that on December 5, 2014, Maguire and Poletto held and operated an LRAD 100X.

120.    Deny the allegations in paragraph "120" of the Complaint.

121.    Deny the allegations in paragraph "121" of the Complaint, except admit that Maguire and Poletto were in the roadway on 57th Street as they operated an LRAD 100X.

122.    Deny the allegations in paragraph "122" of the Complaint, except admit that the "deterrent" tone of the LRAD 100X was activated and that the LRAD 100X was also

used to broadcast messages, <u>inter alia</u>, identifying themselves as NYPD and directing people to get or stay on the sidewalk and out of the street or they would be placed in custody.

123.    Deny the allegations in paragraph "123" of the Complaint.

124.    Deny the allegations in paragraph "124" of the Complaint.

125.    Deny the allegations in paragraph "125" of the Complaint.

126.    Deny the allegations in paragraph "126" of the Complaint.

127.    Deny the allegations in paragraph "127" of the Complaint.

128.    Deny the allegations in paragraph "128" of the Complaint.

129.    Deny the allegations in paragraph "129" of the Complaint.

130.    Deny the allegations in paragraph "130" of the Complaint.

131.    Deny the allegations in paragraph "131" of the Complaint.

132.    Deny the allegations in paragraph "132" of the Complaint.

133.    Deny the allegations in paragraph "133" of the Complaint.

134.    Deny the allegations in paragraph "134" of the Complaint.

135.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "135" of the Complaint.

136.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "136" of the Complaint.

137.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "137" of the Complaint.

138.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "138" of the Complaint.

139.    Deny knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph "139" of the Complaint.

140.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "140" of the Complaint.

141.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "141" of the Complaint, except admit on information and belief that NYPD officers escorted protesters.

142.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "142" of the Complaint, except admit on information and belief that around 1:00 A.M. on December 5, 2014, arrests were made at or around 57th Street and Madison Avenue.

143.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "143" of the Complaint.

144.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "144" of the Complaint.

145.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "145" of the Complaint.

146.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "146" of the Complaint.

147.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "147" of the Complaint, except admit on information and belief that protesters were verbally protesting.

148.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "148" of the Complaint, except admit on information and belief

that people gathered in the vicinity of the ongoing arrests.

149.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "149" of the Complaint.

150.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "150" of the Complaint.

151.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "151" of the Complaint.

152.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "152" of the Complaint.

153.     Deny the allegations in paragraph "153" of the Complaint, except admit that the "deterrent tone" of an LRAD 100X was activated and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Edrei heard.

154.     Deny the allegations in paragraph "154" of the Complaint.

155.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "155" of the Complaint.

156.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "156" of the Complaint.

157.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "157" of the Complaint.

158.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "158" of the Complaint.

159.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "159" of the Complaint.

160. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "160" of the Complaint.

161. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "161" of the Complaint.

162. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "162" of the Complaint, except admit that people were running.

163. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "163" of the Complaint.

164. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "164" of the Complaint.

165. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "165" of the Complaint.

166. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "166" of the Complaint.

167. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "167" of the Complaint.

168. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "168" of the Complaint.

169. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "169" of the Complaint.

170. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "170" of the Complaint.

171. Deny knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph "171" of the Complaint.

172.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "172" of the Complaint.

173.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "173" of the Complaint.

174.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "174" of the Complaint.

175.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "175" of the Complaint.

176.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "176" of the Complaint.

177.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "177" of the Complaint.

178.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "178" of the Complaint.

179.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "179" of the Complaint.

180.    Deny the allegations in paragraph "180" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that Edrei feels traumatized and was present as a member of the press.

181.    Deny the allegations in paragraph "181" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that Edrei was trying to leave the scene as fast as she could.

182.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "182" of the Complaint.

183.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "183" of the Complaint.

184.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "184" of the Complaint.

185.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "185" of the Complaint.

186.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "186" of the Complaint.

187.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "187" of the Complaint.

188.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "188" of the Complaint.

189.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "189" of the Complaint.

190.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "190" of the Complaint.

191.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "191" of the Complaint.

192.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "192" of the Complaint.

193.    Deny knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph "193" of the Complaint.

194.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "194" of the Complaint.

195.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "195" of the Complaint.

196.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "196" of the Complaint.

197.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "197" of the Complaint.

198.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "198" of the Complaint.

199.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "199" of the Complaint.

200.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "200" of the Complaint.

201.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "201" of the Complaint.

202.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "202" of the Complaint.

203.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "203" of the Complaint.

204.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "204" of the Complaint, except admit on information and belief

that NYPD officers escorted protesters.

205.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "205" of the Complaint.

206.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "206" of the Complaint, except admit on information and belief that protestors proceeded East on 57th Street.

207.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "207" of the Complaint, except admit on information and belief that protestors proceeded East on 57th Street and into the intersection of 57th Street and Madison Avenue.

208.    Deny the allegations in paragraph "208" of the Complaint, except admit on information and belief that officers made arrests.

209.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "209" of the Complaint.

210.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "210" of the Complaint, except admit on information and belief that officers made arrests.

211.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "211" of the Complaint.

212.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "212" of the Complaint, except admit on information and belief that glass bottles were thrown toward where the police were arresting people.

213.    Deny knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph "213" of the Complaint.

214. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "214" of the Complaint.

215. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "215" of the Complaint, except admit on information and belief that officers yelled in sum and substance for everyone to get on the sidewalk.

216. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "216" of the Complaint, except admit that an LRAD 100X was activated.

217. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "217" of the Complaint.

218. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "218" of the Complaint.

219. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "219" of the Complaint, except admit that the "deterrent tone" of an LRAD 100X was activated

220. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "220" of the Complaint.

221. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "221" of the Complaint, except admit that officers used the LRAD 100X to broadcast messages, including a message to get on the sidewalk.

222. Deny the allegations in paragraph "222" of the Complaint, except admit that officers used the LRAD 100X to broadcast messages and that officers activated the LRAD

100X's "deterrent" tone.

223.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "223" of the Complaint.

224.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "224" of the Complaint.

225.     Deny the allegations in paragraph "225" of the Complaint.

226.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "226" of the Complaint.

227.     Deny the allegations in paragraph "227" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that Horse was upset.

228.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "228" of the Complaint.

229.     Deny the allegations in paragraph "229" of the Complaint.

230.     Deny the allegations in paragraph "230" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that Horse ran down the sidewalk.

231.     Deny the allegations in paragraph "231" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that Horse was able to leave the area.

232.     Deny the allegations in paragraph "232" of the Complaint.

233.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "233" of the Complaint.

234.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "234" of the Complaint.

235.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "235" of the Complaint.

236.    Deny the allegations in paragraph "236" of the Complaint.

237.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "237" of the Complaint.

238.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "238" of the Complaint.

239.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "239" of the Complaint.

240.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "240" of the Complaint.

241.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "241" of the Complaint.

242.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "242" of the Complaint.

243.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "243" of the Complaint.

244.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "244" of the Complaint.

245.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "245" of the Complaint.

246.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "246" of the Complaint.

247.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "247" of the Complaint.

248.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "248" of the Complaint.

249.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "249" of the Complaint.

250.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "250" of the Complaint.

251.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "251" of the Complaint.

252.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "252" of the Complaint.

253.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "253" of the Complaint.

254.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "254" of the Complaint.

255.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "255" of the Complaint.

256.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "256" of the Complaint.

257.     Deny knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph "257" of the Complaint.

258.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "258" of the Complaint, except admit on information and belief that NYPD officers escorted protesters.

259.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "259" of the Complaint.

260.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "260" of the Complaint, except admit on information and belief that protesters proceeded East on 57th Street towards Madison Avenue.

261.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "261" of the Complaint, except admit on information and belief that police made arrests in the vicinity of 57th Street and Madison Avenue and that people gathered around the police making arrests.

262.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "262" of the Complaint, except admit on information and belief that bottles were in the air near the scene of the arrests.

263.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "263" of the Complaint.

264.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "263" of the Complaint, except admit that the "deterrent tone" of an LRAD 100X was activated

265.     Deny the allegations in paragraph "265" of the Complaint.

266.     Deny knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph "266" of the Complaint.

267.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "267" of the Complaint.

268.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "268" of the Complaint.

269.    Deny the allegations in paragraph "269" of the Complaint, except admit that officers were issuing orders over the LRAD 100X and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to what Craven heard.

270.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "270" of the Complaint.

271.    Deny the allegations in paragraph "271" of the Complaint, except admit that the "deterrent tone" of the LRAD 100X was activated as Maguire and Poletto walked on 57th Street between Madison and Park Avenues.

272.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "272" of the Complaint.

273.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "273" of the Complaint.

274.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "274" of the Complaint.

275.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "275" of the Complaint.

276.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "276" of the Complaint.

277.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "277" of the Complaint.

278.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "278" of the Complaint.

279.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "279" of the Complaint.

280.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "280" of the Complaint.

281.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "281" of the Complaint.

282.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "282" of the Complaint.

283.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "283" of the Complaint.

284.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "284" of the Complaint.

285.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "285" of the Complaint.

286.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "286" of the Complaint.

287.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "287" of the Complaint.

288.     Deny knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph "288" of the Complaint.

289.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "289" of the Complaint.

290.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "290" of the Complaint.

291.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "291" of the Complaint.

292.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "292" of the Complaint.

293.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "293" of the Complaint.

294.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "294" of the Complaint.

295.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "295" of the Complaint.

296.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "296" of the Complaint.

297.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "297" of the Complaint.

298.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "298" of the Complaint, except admit on information and belief that protesters neared 57th Street and Madison Avenue.

299.     Deny knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph "299" of the Complaint, except admit on information and belief that people gathered at the scene.

300.    Deny the allegations in paragraph "300" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Stephan saw.

301.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "301" of the Complaint.

302.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "302" of the Complaint.

303.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "303" of the Complaint.

304.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "304" of the Complaint.

305.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "305" of the Complaint.

306.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "306" of the Complaint, except admit that the "deterrent" tone of an LRAD 100X was activated.

307.    Deny the allegations in paragraph "307" of the Complaint.

308.    Deny the allegations in paragraph "308" of the Complaint, except admit that the "deterrent" tone of an LRAD 100X was activated and deny knowledge or information sufficient to form a belief as to the truth of the allegations that Stephan moved on 57th Street.

309.    Deny knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph "309" of the Complaint.

310.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "310" of the Complaint.

311.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "311" of the Complaint.

312.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "312" of the Complaint.

313.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "313" of the Complaint.

314.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "314" of the Complaint.

315.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "315" of the Complaint.

316.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "316" of the Complaint.

317.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "317" of the Complaint.

318.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "318" of the Complaint.

319.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "319" of the Complaint.

320.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "320" of the Complaint.

321.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "321" of the Complaint.

322.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "322" of the Complaint.

323.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "323" of the Complaint.

324.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "324" of the Complaint.

325.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "325" of the Complaint.

326.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "326" of the Complaint.

327.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "327" of the Complaint.

328.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "328" of the Complaint, except admit on information and belief that on December 5, 2014, people gathered around arrests taking place near 57th Street and Madison Avenue.

329.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "329" of the Complaint, except admit on information and belief that glass bottles were breaking.

330.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "330" of the Complaint.

331.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "331" of the Complaint, except admit that the "deterrent" tone of an LRAD 100X was activated.

332.    Deny the allegations in paragraph "332" of the Complaint.

333.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "333" of the Complaint, except admit that a message was broadcast over the LRAD 100X and that the message said, in sum and substance, inter alia, "This is the New York City Police Department, you must remain on the sidewalk."

334.    Deny the allegations in paragraph "334" of the Complaint, except admit that the message was broadcast repeatedly and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Nusbaum heard.

335.    Deny the allegations in paragraph "335" of the Complaint.

336.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "336" of the Complaint.

337.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "337" of the Complaint.

338.    Deny the allegations in paragraph "338" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding when Nusbaum began filming and for how long he was filming.

339.    Deny the allegations in paragraph "339" of the Complaint.

340.    Deny the allegations in paragraph "340" of the Complaint, except refer to the website referenced therein for its contents.

341.    Deny the allegations in paragraph "341" of the Complaint, except deny

knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Nusbaum experienced.

342.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "342" of the Complaint.

343.    Deny the allegations in paragraph "343" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that Nusbaum is in fear and that he has attended fewer protests since December 5, 2014.

344.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "344" of the Complaint.

345.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "345" of the Complaint.

346.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "346" of the Complaint.

347.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "347" of the Complaint.

348.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "348" of the Complaint.

349.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "349" of the Complaint.

350.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "350" of the Complaint.

351.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "351" of the Complaint, except admit on information and belief

that police officers escorted protesters for a period of time on December 4, 2014.

352.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "352" of the Complaint.

353.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "353" of the Complaint, except admit on information and belief that there were police vehicles in the vicinity of Madison Avenue and 57th Street.

354.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "354" of the Complaint.

355.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "355" of the Complaint.

356.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "356" of the Complaint.

357.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "357" of the Complaint.

358.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "358" of the Complaint.

359.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "359" of the Complaint.

360.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "360" of the Complaint.

361.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "361" of the Complaint, except admit that the "deterrent" tone of an LRAD 100X was activated.

362.     Deny the allegations in paragraph "362" of the Complaint, except admit that words were being transmitted over the LRAD 100X and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Appel was able to make out.

363.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "363" of the Complaint.

364.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "364" of the Complaint.

365.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "365" of the Complaint.

366.     Deny the allegations in paragraph "366" of the Complaint.

367.     Deny the allegations in paragraph "367" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that Appel developed a headache.

368.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "368" of the Complaint.

369.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "369" of the Complaint.

370.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "370" of the Complaint.

371.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "371" of the Complaint.

372.     Deny knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph "372" of the Complaint.

373.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "373" of the Complaint.

374.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "374" of the Complaint.

375.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "375" of the Complaint.

376.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "376" of the Complaint.

377.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "377" of the Complaint.

378.     Deny the allegations in paragraph "378" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that Appel is worried.

379.     Deny the allegations in paragraph "379" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that Appel has avoided marches he would have otherwise attended and participated in due to fear.

380.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "380" of the Complaint.

381.     In response to the allegations in paragraph "381" of the Complaint, defendants repeat the responses in the previous paragraphs.

382.     Deny the allegations in paragraph "382" of the Complaint.

383.     Deny the allegations in paragraph "383" of the Complaint.

384.     Deny the allegations in paragraph "384" of the Complaint.

385.     Deny the allegations in paragraph "385" of the Complaint.

386.     Deny the allegations in paragraph "386" of the Complaint.

387.     Deny the allegations in paragraph "387" of the Complaint.

388.     Deny the allegations in paragraph "388" of the Complaint.

389.     Deny the allegations in paragraph "389" of the Complaint.

390.     Deny the allegations in paragraph "390" of the Complaint.

391.     Deny the allegations in paragraph "391" of the Complaint.

392.     Deny the allegations in paragraph "392" of the Complaint.

393.     Deny the allegations in paragraph "393" of the Complaint.

394.     Deny the allegations in paragraph "394" of the Complaint.

395.     Deny the allegations in paragraph "395" of the Complaint.

396.     Deny the allegations in paragraph "396" of the Complaint.

397.     Deny the allegations in paragraph "397" of the Complaint.

398.     In response to the allegations in paragraph "398" of the Complaint, defendants repeat the responses in the previous paragraphs.

399.     Deny the allegations in paragraph "399" of the Complaint, and further state that the Court has dismissed, with prejudice, inter alia, plaintiffs' First Amendment claims. See Order, dated May 31, 2017 (Dkt. No. 53), at 40.

400.     Deny the allegations in paragraph "400" of the Complaint, and further state that the Court has dismissed, with prejudice, inter alia, plaintiffs' First Amendment claims. See Order, dated May 31, 2017 (Dkt. No. 53), at 40.

401.     Deny the allegations in paragraph "401" of the Complaint, and further

state that the Court has dismissed, with prejudice, <u>inter alia</u>, plaintiffs' First Amendment claims. <u>See</u> Order, dated May 31, 2017 (Dkt. No. 53), at 40.

402.    Deny the allegations in paragraph "402" of the Complaint, and further state that the Court has dismissed, with prejudice, <u>inter alia</u>, plaintiffs' First Amendment claims. <u>See</u> Order, dated May 31, 2017 (Dkt. No. 53), at 40.

403.    Deny the allegations in paragraph "403" of the Complaint, and further state that the Court has dismissed, with prejudice, <u>inter alia</u>, plaintiffs' First Amendment claims. <u>See</u> Order, dated May 31, 2017 (Dkt. No. 53), at 40.

404.    Deny the allegations in paragraph "404" of the Complaint, and further state that the Court has dismissed, with prejudice, <u>inter alia</u>, plaintiffs' First Amendment claims. <u>See</u> Order, dated May 31, 2017 (Dkt. No. 53), at 40.

405.    Deny the allegations in paragraph "405" of the Complaint, and further state that the Court has dismissed, with prejudice, <u>inter alia</u>, plaintiffs' First Amendment claims. <u>See</u> Order, dated May 31, 2017 (Dkt. No. 53), at 40.

406.    Deny the allegations in paragraph "406" of the Complaint, and further state that the Court has dismissed, with prejudice, <u>inter alia</u>, plaintiffs' First Amendment claims. <u>See</u> Order, dated May 31, 2017 (Dkt. No. 53), at 40.

407.    Deny the allegations in paragraph "407" of the Complaint, and further state that the Court has dismissed, with prejudice, <u>inter alia</u>, plaintiffs' First Amendment claims. <u>See</u> Order, dated May 31, 2017 (Dkt. No. 53), at 40.

408.    Deny the allegations in paragraph "408" of the Complaint, and further state that the Court has dismissed, with prejudice, <u>inter alia</u>, plaintiffs' First Amendment claims. <u>See</u> Order, dated May 31, 2017 (Dkt. No. 53), at 40.

409.    In response to the allegations in paragraph "409" of the Complaint, defendants repeat the responses in the previous paragraphs.

410.    Deny the allegations in paragraph "410" of the Complaint, and further state that the Court has dismissed, with prejudice, <u>inter alia</u>, plaintiffs' Equal Protection and Substantive Due Process claims. <u>See</u> Order, dated May 31, 2017 (Dkt. No. 53), at 40.

411.    Deny the allegations in paragraph "411" of the Complaint, and further state that the Court has dismissed, with prejudice, <u>inter alia</u>, plaintiffs' Equal Protection and Substantive Due Process claims. <u>See</u> Order, dated May 31, 2017 (Dkt. No. 53), at 40.

412.    In response to the allegations in paragraph "412" of the Complaint, defendants repeat the responses in the previous paragraphs.

413.    Deny the allegations in paragraph "413" of the Complaint.

414.    Deny the allegations in paragraph "414" of the Complaint.

415.    Deny the allegations in paragraph "415" of the Complaint.

416.    Deny the allegations in paragraph "416" of the Complaint.

417.    Deny the allegations in the second paragraph "389" of the Complaint, except refer to the documents cited therein for their contents.

418.    Deny the allegations in paragraph "418" of the Complaint, admit that Bratton was NYPD Commissioner in December, 2014, and state that the allegations that he has final policymaking authority over the NYPD are legal conclusions to which no response is required.

419.    Deny the allegations in paragraph "419" of the Complaint, except admit that Bratton was NYPD Commissioner in December, 2014, and state that the allegations that he has final policymaking authority over the NYPD are legal conclusions to which no response is

required.

420.     Deny the allegations in paragraph "420" of the Complaint.

421.     Deny the allegations in paragraph "421" of the Complaint.

422.     Deny the allegations in paragraph "422" of the Complaint.

423.     Deny the allegations in paragraph "423" of the Complaint.

424.     Deny the allegations in paragraph "424" of the Complaint.

425.     Deny the allegations in paragraph "425" of the Complaint.

426.     Deny the allegations in paragraph "426" of the Complaint.

427.     Deny the allegations in paragraph "427" of the Complaint.

428.     Deny the allegations in paragraph "428" of the Complaint.

429.     Deny the allegations in paragraph "429" of the Complaint.

430.     Deny the allegations in paragraph "430" of the Complaint.

431.     Deny the allegations in paragraph "431" of the Complaint.

432.     Deny the allegations in paragraph "432" of the Complaint.

433.     In response to the allegations in paragraph "433" of the Complaint, defendants repeat the responses in the previous paragraphs.

434.     Deny the allegations in paragraph "434" of the Complaint.

435.     Deny the allegations in paragraph "435" of the Complaint.

436.     Deny the allegations in paragraph "436" of the Complaint.

437.     Deny the allegations in paragraph "437" of the Complaint.

438.     Deny the allegations in paragraph "438" of the Complaint, except state that the allegations regarding the applicability of the doctrine of *respondeat superior* are legal conclusions to which no response is required.

439.     Deny the allegations in paragraph "439" of the Complaint.

440.     In response to the allegations in paragraph "440" of the Complaint, defendants repeat the responses in the previous paragraphs.

441.     Deny the allegations in paragraph "441" of the Complaint, and further state that the Court has dismissed, with prejudice, inter alia, plaintiffs' false arrest claims.  See Order, dated May 31, 2017 (Dkt. No. 53), at 40.

442.     Deny the allegations in paragraph "442" of the Complaint, and further state that the Court has dismissed, with prejudice, inter alia, plaintiffs' false arrest claims.  See Order, dated May 31, 2017 (Dkt. No. 53), at 40.

443.     Deny the allegations in paragraph "443" of the Complaint, and further state that the Court has dismissed, with prejudice, inter alia, plaintiffs' false arrest claims.  See Order, dated May 31, 2017 (Dkt. No. 53), at 40.

444.     Deny the allegations in paragraph "444" of the Complaint, and further state that the Court has dismissed, with prejudice, inter alia, plaintiffs' false arrest claims.  See Order, dated May 31, 2017 (Dkt. No. 53), at 40.

445.     In response to the allegations in paragraph "445" of the Complaint, defendants repeat the responses in the previous paragraphs.

446.     Deny the allegations in paragraph "446" of the Complaint, except state that the allegations regarding a duty are legal conclusions to which not response is required, and further state that the Court has dismissed, with prejudice, inter alia, plaintiffs' negligence claims. See Order, dated May 31, 2017 (Dkt. No. 53), at 40.

447.     Deny the allegations in paragraph "447" of the Complaint, and further state that the Court has dismissed, with prejudice, inter alia, plaintiffs' negligence claims.  See

Order, dated May 31, 2017 (Dkt. No. 53), at 40.

448.    Deny the allegations in paragraph "448" of the Complaint, and further state that the Court has dismissed, with prejudice, <u>inter alia</u>, plaintiffs' negligence claims.  <u>See</u> Order, dated May 31, 2017 (Dkt. No. 53), at 40.

449.    Deny the allegations in paragraph "449" of the Complaint, and further state that the Court has dismissed, with prejudice, <u>inter alia</u>, plaintiffs' negligence claims.  <u>See</u> Order, dated May 31, 2017 (Dkt. No. 53), at 40.

450.    Deny the allegations in paragraph "450" of the Complaint, and further state that the Court has dismissed, with prejudice, <u>inter alia</u>, plaintiffs' negligence claims.  <u>See</u> Order, dated May 31, 2017 (Dkt. No. 53), at 40.

451.    In response to the allegations in paragraph "451" of the Complaint, defendants repeat the responses in the previous paragraphs.

452.    Deny the allegations in paragraph "452" of the Complaint, and further state that the Court has dismissed, with prejudice, <u>inter alia</u>, plaintiffs' state constitutional tort claims. <u>See</u> Order, dated May 31, 2017 (Dkt. No. 53), at 40.

453.    Deny the allegations in paragraph "453" of the Complaint, and further state that the Court has dismissed, with prejudice, <u>inter alia</u>, plaintiffs' state constitutional tort claims. <u>See</u> Order, dated May 31, 2017 (Dkt. No. 53), at 40.

454.    Deny the allegations in paragraph "454" of the Complaint, and further state that the Court has dismissed, with prejudice, <u>inter alia</u>, plaintiffs' state constitutional tort claims. <u>See</u> Order, dated May 31, 2017 (Dkt. No. 53), at 40.

455.    In response to the allegations in paragraph "455" of the Complaint, defendants repeat the responses in the previous paragraphs.

456.     Deny the allegations in paragraph "456" of the Complaint, and further state that the Court has dismissed, with prejudice, <u>inter alia</u>, plaintiffs' negligent hiring, screening, retention, supervision and training claim.  <u>See</u> Order, dated May 31, 2017 (Dkt. No. 53), at 40.

457.     Deny the allegations in paragraph "457" of the Complaint, and further state that the Court has dismissed, with prejudice, <u>inter alia</u>, plaintiffs' negligent hiring, screening, retention, supervision and training claim.  <u>See</u> Order, dated May 31, 2017 (Dkt. No. 53), at 40.

458.     Deny the allegations in paragraph "458" of the Complaint, and further state that the Court has dismissed, with prejudice, <u>inter alia</u>, plaintiffs' negligent hiring, screening, retention, supervision and training claim.  <u>See</u> Order, dated May 31, 2017 (Dkt. No. 53), at 40.

459.     Deny the allegations in paragraph "459" of the Complaint, and further state that the Court has dismissed, with prejudice, <u>inter alia</u>, plaintiffs' negligent hiring, screening, retention, supervision and training claim.  <u>See</u> Order, dated May 31, 2017 (Dkt. No. 53), at 40.

460.     State that the allegations in paragraph "460" are not averments of fact to which a response is required.

## FIRST AFFIRMATIVE DEFENSE

461.     The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

462.     Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision

thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

## THIRD AFFIRMATIVE DEFENSE

463.    Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendants.

## FOURTH AFFIRMATIVE DEFENSE

464.    Plaintiffs provoked or were at fault for the incident.

## FIFTH AFFIRMATIVE DEFENSE

465.    Punitive damages cannot be assessed as against the City or against the individual defendants in their official capacities.

## SIXTH AFFIRMATIVE DEFENSE

466.    Defendants Maguire and Poletto acted reasonably in the proper and lawful exercise of their discretion and did not violate any clearly established constitutional or statutory right of which a reasonable person would have known, and, therefore, they are entitled to qualified immunity.

## SEVENTH AFFIRMATIVE DEFENSE

467.    Plaintiff failed to mitigate their alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE

468.    To the extent that the Complaint alleges any claims arising under the laws of the State of New York, such claims are barred in whole or in part by reason of plaintiffs' failure to comply with the requirements of the New York General Municipal Law, §§ 50-e, 50-h and/or 50-i.

## NINTH AFFIRMATIVE DEFENSE

469.     At all times relevant to the acts alleged in the Complaint, the duties and functions of municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, the City has governmental immunity from liability under state law.

## TENTH AFFIRMATIVE DEFENSE

470.     The individual defendants are immune from suit under state law for their exercise of discretion in the performance of a governmental function and/or their exercise of professional judgment.

## ELEVENTH AFFIRMATIVE DEFENSE

471.      Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

472.     Plaintiffs have an adequate remedy at law.

## THIRTEENTH AFFIRMATIVE DEFENSE

473.     To the extent plaintiffs lack standing with respect to any claim, including injunctive or declaratory relief, that claim should be dismissed.

WHEREFORE, defendants The City of New York, John Maguire and Mike Poletto demand judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            July 19, 2017

ZACHARY CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212) 356-3539

By:   _____

Ashley Garman
Senior Counsel
Special Federal Litigation Division