USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/30/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ANIKA EDREI, et al.,

        Plaintiffs,

  - against -

CITY OF NEW YORK, et al.,

        Defendants.
------------------------------------X

16 Civ. 1652 (RWS)

OPINION

A P P E A R A N C E S:

    <u>Attorneys for Plaintiffs</u>
    277 Broadway, Suite 1501
    New York, NY 10007
    By:  Gideon Orion Oliver, Esq.
         Elena L. Cohen, Esq.
         Michael Decker, Esq.

    <u>Attorney for Defendants</u>
    ZACHARY CARTER
    Corporation Counsel of the City of New York
    100 Church Street
    New York, NY 10007
    By:  Ashley Garman, Esq.

**Sweet, D.J.**

Defendants John Maguire ("Maguire"), Mike Poletto ("Poletto" and, together with Maguire, the "Officers"), and the City of New York ("NYC" and, collectively with the Officers, the "Defendants") have moved to stay proceedings before the Court as to the remaining claims brought by Plaintiffs Anika Edrei ("Edrei"), Shay Horse ("Horse"), James Craven ("Craven"), Keegan Stephan ("Stephan"), Michael Nusbaum ("Nusbaum"), and Alexander Appel ("Appel") (collectively, the "Plaintiffs") pending the outcome of Defendants' interlocutory appeal on the issue of the Officers' qualified immunity defense. As set forth below, the motion is granted.

**Prior Proceedings**

The factual background and prior proceedings of this matter have been set forth in the Court's previous decision granting in part and denying in part Defendants' motion to dismiss Plaintiff's First Amended Complaint ("FAC"). See Edrei v. City of N.Y., No. 16 Civ. 1652 (RWS), 2017 WL 2367992, at *1-*3 (S.D.N.Y. May 31, 2017). Familiarity is assumed. The following summary retells portions of prior proceedings as are relevant to the instant motion.

1

On March 3, 2016, Plaintiffs commenced this action. (Dkt. No. 1.) On August 1, 2016, Plaintiffs filed their FAC. (Dkt. No. 21.) On October 24, 2016, Defendants moved to dismiss Plaintiffs' FAC, (Dkt. No. 35), which on May 31, 2017, the Court granted in part and denied in part, (Dkt. No. 53). Specifically, the Court denied Defendants' motion as to Plaintiffs' claims of excessive force as to the Officers, municipal liability as to NYC for failure to properly train, and state law claims for assault and battery as to the Officers. (See id., at 40.)

On June 30, 2017, Defendants' filed notice of an interlocutory appeal on the issue of the Officers' qualified immunity defense. (Dkt. No. 57.)

On July 5, 2017, Defendants moved to stay all proceedings before this Court pending resolution of its interlocutory appeal. (Dkt. No. 58.) On August 2, 2017, Defendants' instant motion was heard and marked fully submitted.

**Defendants' Motion to Stay is Granted**

In light of their interlocutory appeal, Defendants' have moved to stay all proceedings before this Court as to

Plaintiffs' claims because of the claims' factual and legal interconnectedness. Defendants argue a stay is warranted either because the issue of the Officers' qualified immunity automatically divested the Court of jurisdiction pending that appeal's resolution or, in the alternative, that Defendants' interlocutory appeal merits a discretionary stay. Plaintiffs appear not to argue that while the law supports Defendants' claim to a point—namely, that this Court has been divested of jurisdiction as to the Officers' excessive force claim due to their appeal regarding federal qualified immunity—such authority cannot be stretched to the length that Defendants seek.

The collateral order doctrine is an exception to the general rule that interlocutory orders are not appealable as a matter of right; as a general rule, the doctrine is limited to "trial court orders affecting rights that will be irretrievably lost in the absence of an immediate appeal." Richardson-Merrell Inc. v. Koller, 472 U.S. 424, 430-31 (1985). "[O]rder[s] rejecting the defense of qualified immunity at either the dismissal stage or the summary judgment stage" are examples of the limited sort "subject to [interlocutory] appeal." Betances v. Fischer, 140 F. Supp. 3d 294, 301 (S.D.N.Y. 2015) (quoting Behrens v. Pelletier, 516 U.S. 299, 307 (1996)), aff'd, 837 F.3d 162 (2d Cir. 2016). The "filing of a notice of appeal only

3

'divests the district court of its control over those aspects of the case involved in the appeal.'" Jin Zhao v. State Univ. of N.Y., 613 F. App'x 61, 62 (2d Cir. 2015) (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982)). As appeals under the collateral order doctrine are to be, by definition, "completely separate from the merits of the action," such appeals do "not generally divest the district court of jurisdiction over issues not under consideration in the appeal." City of N.Y. v. Beretta U.S.A. Corp., 234 F.R.D. 46, 50 (E.D.N.Y. 2006); see also N.Y.S. Nat. Org. for Women v. Terry, 886 F.2d 1339, 1350 (2d Cir. 1989) (noting that "the filing of a notice of appeal only divests the district court of jurisdiction respecting the questions raised and decided in the order that is on appeal").

As a starting point, this authority establishes that a stay as to Plaintiff's excessive force claims against the Officers pending Defendants' federal qualified immunity claim is merited. See In re S. Afr. Apartheid Litig., No. 02 Civ. 4712 (SAS), 2009 WL 5183832, at *1 (S.D.N.Y. July 7, 2009) (citing Beretta, 234 F.R.D. at 50) (noting that qualified immunity interlocutory appeals automatically divest district court jurisdiction over that issue). On this point, Plaintiffs do not argue otherwise.

4

The surviving state law claims against the Officers should similarly be stayed. Although Plaintiffs have noted that the legal requirements as to federal and state qualified immunity defenses are not identical, at their root, both can turn on the "reasonableness" of the actions and, as here, Plaintiffs' state claims could be heavily connected with "the same facts that form the heart of the federal claims." Jones v. Parmley, 465 F.3d 46, 64 (2d Cir. 2006) (citing Simpkin v. City of Troy, 224 A.D.2d 897, 898, 638 N.Y.S.2d 231, 232 (3d Dep't 1996)) (noting the relationship between federal and state qualified immunity and that reasonableness was "at the center of the district court's Fourth Amendment excessive force analysis"). As there will likely be overlap between each of Plaintiffs' claims, a stay as to the state law claims against the Officers is therefore also merited pending resolution of Defendants' appeal.

The relationship between Plaintiffs' excessive force against the Officers and their Monell claims against NYC warrants a different analysis but reaches the same result.[1] Plaintiffs principally argue that, even if claims against the Officers are automatically divested, the Second Circuit's ruling

---

[1] See Monell v. N.Y.C. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978) (establishing the standards under 42 U.S.C. § 1983 for municipal liability for constitutional torts by employees).

5

in Askins v. Doe No. 1, 727 F.3d 248 (2d Cir. 2013), severs the legal connection the appeal's outcome might have on their Monell claim. In Askins, the Second Circuit found that even if defendant officers are entitled to the protection of qualified immunity, such a finding can be "irrelevant to the liability of the municipality" because a municipality could still be liable if it "adopt[ed] customs or policies that violate[d] federal law and result[ed] in tortious violation of a plaintiff's rights, regardless of whether it was clear at the time of the adoption of the policy or at the time of the tortious conduct that such conduct would violate the plaintiff's rights." Id. at 254 (quoting Owen v. City of Indep., Mo., 445 U.S. 622, 657 (1980)). Plaintiffs likewise cite Barrett v. Orange Cty. Human Rights Comm'n, 194 F.3d 341 (2d Cir. 1999), in further support of the severability of their individual and municipal claims. Id. at 350 (holding that "Monell municipal liability for constitutional injuries may be found to exist even in the absence of individual liability, at least so long as the injuries complained of are not solely attributable to the actions of named individual defendants").

While such authority may be of use to Plaintiff in this action at some later point, it is inapposite at present. Most importantly, the facts undergirding Plaintiffs' authority are

6

substantively different than those present here. In Askins, the circuit court specifically noted that the district court had found that there had been no constitutional violation by the individual officer defendant, but only that he was entitled to qualified immunity because the actions were reasonable. Askins, 727 F.3d at 252, 255. In Barrett, the circuit court held that "Monell municipal liability for constitutional injuries may be found to exist even in the absence of individual liability, at least so long as the injuries complained of are not solely attributable to the actions of named individual defendants," Barrett, 194 F.3d at 349.

Such are not the facts here. Plaintiffs have only alleged the named Officers to have caused Plaintiffs' injuries, unlike Barrett, and it remains to be determined whether a constitutional violation occurred due to the Officers' actions, unlike Askins. These are meaningful differences. Whether or not a constitutional violation occurred is one of the very questions "under consideration" and before the Second Circuit on appeal. Beretta, 234 F.R.D. at 50. Moreover, the answer to that question has the potential to form the basis of the court's appellate decision. Were the Second Circuit to find qualified immunity on the grounds that the Officers did not commit a constitutional violation, there could be no Monell claim. See Curley v. Vill.

of Suffern, 268 F.3d 65, 71 (2d Cir. 2001) ("[W]e have recognized that a municipality cannot be liable for inadequate training or supervision when the officers involved in making an arrest did not violate the plaintiff's constitutional rights"). As a district court can retain jurisdiction only over "'collateral' matters not involved in the appeal," this Court also cannot maintain jurisdiction over proceedings as to Plaintiffs' Monell claim until Defendants' appeal has concluded. Garcia v. Bloomberg, No. 11 Civ. 6957 (JSR), 2012 WL 3127173, at *1 (S.D.N.Y. July 27, 2012) (citing Griggs, 459 U.S. at 58).[2]

---

[2] As Defendants have established the merits of their motion under their divestiture argument, consideration of their discretionary stay arguments need not be undertaken.

8

**Conclusion**

For the foregoing reasons, Defendants' motion to stay proceedings as to Plaintiffs' claims pending resolution of their appeal is granted.

It is so ordered.

**New York, NY**
**August 31, 2017**

_____
ROBERT W. SWEET
U.S.D.J.