

| | THE CITY OF NEW YORK | |
|---|---|---|
| **ZACHARY W. CARTER** | **LAW DEPARTMENT** | **PETER W. BROCKER** |
| *Corporation Counsel* | 100 CHURCH STREET<br>NEW YORK, NY 10007 | *Assistant Corporation Counsel*<br>Phone: (212) 356-2332<br>Fax: (212) 356-3509<br>pbrocker@law.nyc.gov |

April 15, 2019

**VIA ECF**
Honorable Jesse M. Furman, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

> Re:  Anika Edrei, et al. v. City of New York, et al.,
>      16 Civ. 1652 (JMF) (BCM)

Your Honor:

    I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, attorney for defendants in the above referenced matter. Defendants write to respectfully request that the Court stay this action pending the resolution of defendants' pending interlocutory appeal. Although Plaintiffs' counsel disagree with, dispute, and do not join in Defendants' legal arguments regarding their application for a stay, primarily for the reasons set forth in Plaintiffs' July 12, 2017 letter (Dkt. No. 64), Plaintiffs' counsel recognize that the Court can grant a discretionary stay, and consent to Defendants' application for a stay at this time.

    By way of brief background, plaintiffs brought this action claiming that defendants used a long-range acoustic device ("LRAD") while they were engaged in protests on December 4-5, 2014 in the vicinity of 57th Street, between Madison Avenue and Park Avenue, in New York County. Plaintiffs claim that the use of the LRAD violated, *inter alia*, their Fourteenth Amendment rights.

    In response to plaintiffs' First Amended Complaint, defendants moved to dismiss the complaint in its entirety. *See*, Dkt. No. 35. That motion to dismiss was granted in part and denied in part. *See*, Dkt. No. 53. Defendants then filed an interlocutory appeal to the Second Circuit Court of Appeals, in response to which Judge Sweet stayed the present action. *See*, Dkt. Nos. 57 (notice of interlocutory appeal) & 66 (staying the present action pending resolution of defendants appeal). The Second Circuit affirmed the District Court's denial of their motion to dismiss, and rejected defendants' arguments for qualified immunity. *See*, *Edrei v. Maguire*, 892 F.3d 525, 529

(2d Cir. 2018). As a result, the stay in this matter was lifted. *See*, Dkt. No. 69. Upon information and belief, in conference before Judge Sweet on September 25, 2018, it was anticipated that if defendants sought a writ of *certiorari* from the Supreme Court, any party could apply to re-impose the stay pending the resolution of that request and/or appeal to the extent that a writ of *certiorari* was granted. Defendants, subsequently, petitioned the Supreme Court for a writ of *certiori* on December 19, 2018.

Defendants now seek to re-impose a stay of this matter pending their appeal to the Supreme Court, as "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). The principle extends to interlocutory qualified immunity appeals. The denial of qualified immunity is appealable on an interlocutory basis under the collateral order doctrine, because qualified immunity is "an immunity from suit . . . and is effectively lost if the case is erroneously permitted to go to trial." *Scott v. Harris*, 550 U.S. 372, 376 (2007) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)); *see also Saucier v. Katz*, 533 U.S. 194, 200 (2001) (noting the doctrine is "an entitlement not to stand trial or face the other burdens of litigation").

Whether there should be a trial at all is the precise question at issue in a qualified immunity appeal. To proceed through discovery or to trial despite an unresolved qualified immunity appeal is to deny the appellate court its ability to render the very relief sought. "'It follows that a proper [qualified immunity] appeal divests the district court of jurisdiction (that is, authority) to require the appealing defendants to appear for trial.'" *McCue v. City of New York*, 503 F.3d 167, 169 (2d Cir. 2007) (quoting *Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989)). District courts within the Second Circuit have recognized the point. *See, e.g.*, *In re South African Apartheid Litig.*, Nos. 02 MDL 1499 (SAS), 02 Civ. 4712 (SAS), 02 Civ. 6218 (SAS), 03 Civ. 1024 (SAS), 03 Civ. 4524 (SAS), 2009 U.S. Dist. LEXIS 123437, at *2 (S.D.N.Y. July 7, 2009); *Bradley v. Jusino*, No. 04 Civ. 8411. 2009 U.S. Dist. LEXIS 42776 (S.D.N.Y. May 18, 2009).

Accordingly, defendants respectfully submit that this Court should stay the present action until such time as the Supreme Court has completed its review and issued a mandate returning jurisdiction to this Court.

Thank you for your consideration in this regard.

Respectfully,

/s//

Peter W. Brocker
*Assistant Corporation Counsel*

cc:   All Counsel of Record (Via ECF)