

277 Broadway, Suite 1501
New York, NY 10007

1825 Foster Avenue, Suite 1K
Brooklyn, NY 11230

Gideon@GideonLaw.com*
GideonLaw.com

**Office**: (718) 783-3682
**Signal**: (646) 263-3495
**Fax**: (646) 349-2914*

*Not for service

June 6, 2019

Hon. Jesse M. Furman
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    *Anika Edrei, et al. v. City of New York, et al.*, 16-cv-01652 (JMF)

Your Honor:

    I am co-counsel, along with Elena L. Cohen and Michael J. Decker, to the Plaintiffs in the above-captioned matter. This letter constitutes the parties' joint submission required by this Court's April 8, 2019 and May 23, 2019 Orders (Dkts. 75 and 80) in advance of the July 11, 2019 conference in this matter. For relevant background, the parties respectfully refer the Court to this Court's and the Second Circuit's prior decisions in the case. *See Edrei v City of NY*, 254 F Supp 3d 565 (SDNY 2017), *aff'd, Edrei v Maguire*, 892 F3d 525 (2d Cir. 2018), *cert. den'd*, 2019 U.S. LEXIS 3453 (May 20, 2019).

1. **Names of counsel and current contact information, if different from the docket.**

    Plaintiffs' co-counsel Michael J. Decker filed a Notice of Change of Address indicating that his current contact information is as follows: 1825 Foster Ave, St. 1K, Brooklyn, NY 11230, 718-783-3682, michaeldeckerlaw@gmail.com. All other counsels' names and current contact information are correctly noted on the docket.

2. **A brief statement of the nature of the case and/or the principal defenses thereto.**

    Plaintiffs were each participants in and/or observers to December 2014 protests in Manhattan in the wake of a Staten Island grand jury's decision not to indict NYPD Officer Daniel Pantaleo in connection with the death of Eric Garner. In connection with policing the protest, the individual Defendants, NYPD Disorder Control Unit Lieutenant John Maguire and Officer Mike Poletto, utilized a Long Range Acoustic Device ("LRAD") near Plaintiffs, which Plaintiffs claim injured them. In the claims that remain in the case following Judge Sweet's decision granting in part and denying in part Defendants' motion to dismiss the operative pleading (Dkt. 53), Plaintiffs seek damages under 42 U.S.C. Section 1983 on Fourteenth Amendment-based excessive force claims

against individual Defendants Maguire and Poletto, and claims against municipal Defendant City of New York based on *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

Plaintiffs also pursue state law assault and battery claims against the individual Defendants, and seek damages against Defendant City of New York in connection with those claims based on a *respondeat superior* theory of liability. In addition to damages claims based on 42 U.S.C. Section 1983 and state law, the FAC seeks declaratory relief and permanent injunctive relief aimed at changing the NYPD's LRAD-related policies and training.

Defendants contend that because sound does not constitute force, no force was used in these alleged interactions, and plaintiff has failed to state a claim upon which relief can be granted. Alternatively, defendants contend, *inter alia*, that the use LRAD was reasonable in light of the totality of the circumstances facing the officers at the time the LRAD was used. Defendants further deny that plaintiffs' arrests were retaliatory, and state that the officers are entitled to qualified immunity as there is no clearly established law stating that the use of the LRAD in situations such as this is unconstitutional. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights. Defendants further contend that plaintiffs cannot demonstrate an unconstitutional policy or practice, and that plaintiffs are not entitled to declaratory or injunctive relief.

**3. A statement of any previously scheduled conference dates with the Court that have not yet occurred and the maters that were to be discussed.**

There were no previously scheduled conference dates with the Court that have not yet occurred.

**4. A brief description of any motion that has been made, including the date of the motion and whether the motion has been decided.[1]**

The parties made a joint application to remove the case from the 1983 Plan, which the Court granted. (Dkts. 13-14).

Defendants made a motion to dismiss the operative pleading in the case (the First Amended Complaint or "FAC", Dkt. 21), *see* Dkts. 35-37, 42-44, 48, 50, which the Court granted in part and denied in part on May 31, 2017 (Dkt. 53).

On June 30, 2017, the individual Defendants filed an interlocutory appeal to the Second Circuit on qualified immunity grounds. (Dkt. 57). On July 5, 2017, Defendants

---

[1] In addition to those mentioned above, the parties have also made numerous motions to adjust various previously-scheduled conferences or briefing deadlines, which are not listed here.

moved for a stay of this action in light of the pending interlocutory appeal. (Dkt. 58). Plaintiffs opposed. (Dkt. 64). The Court granted the stay on August 31, 2017. (Dkt. 66). On June 13, 2018, the Second Circuit denied the individual Defendants' appeal. (Dkt. 67). On August 30, 2018, the Second Circuit denied the individual Defendants' petition for panel rehearing or rehearing *en banc*. (2nd Cir. Dkt. 89).

At a subsequent pretrial conference on September 25, 2018, Defendants told the Court that they were considering filing a petition for *certiorari*, and the Court invited them to inform the Court in the event they did so, so that the Court could again perhaps stay discovery. Defendants subsequently filed a petition to the US Supreme Court. On April 15, 2019, the parties submitted a consent letter-application to stay discovery in light thereof, which the Court granted the next day. (Dkts. 77-78).

On May 20, 2019, the US Supreme Court denied *certiorari*. On May 22, 2019, the parties so informed the Court, and requested that the Court lift the discovery stay and schedule a conference. (Dkt. 79). The Court granted the joint motion and directed that the parties appear for a status conference on June 11, 2019 at 3:45PM. (Dkt. 80).

   5. **A statement of whether there are any pending appeals.**

There are no pending appeals.

   6. **A detailed statement of all discovery undertaken to date and what, if any, discovery remains that is essential for the parties to engage in meaningful settlement negotiations.**

No discovery has been undertaken to date.

   7. **A statement describing the status of any settlement discussions, and whether the parties have an interest in referral to a United States Magistrate Judge for settlement purposes.**

No settlement discussions have taken place. The parties are willing to discuss settlement.

   8. **An estimate of the length of trial.**

The parties estimate that trial will take approximately 10 trial days.

   9. **Any other information the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.**

Because no discovery has been conducted to date, the parties respectfully submit the attached proposed Civil Case Management Plan and Scheduling Order.

Plaintiffs respectfully submit the following regarding (1) the proposed deadline by which to amend the pleading and (2) the fact discovery cutoff:

(1) *Amendment of the pleading.* Plaintiffs expect to seek to amend the *Monell* claim as pleaded in the FAC to conform to proof developed through discovery regarding, *inter alia*, whether and to what extent the NYPD had or did not have training and policies related to LRAD use in place in December of 2014. The FAC pleads that there was no relevant training or policies, based in part on the NYPD's certification in response to a Freedom of Information Law request that there were no such materials. However, Plaintiffs now understand that Defendants will likely claim that there were LRAD-related training and policies in place in December of 2014, and that they were adequate. Plaintiffs believe it will take significant documentary and deposition discovery, including 30(b)(6) deposition testimony, to develop a record regarding what (if any) policies and training related to LRAD uses were in effect in December of 2014. Plaintiffs have therefore proposed a February 18, 2020 date by which to further amend the FAC.

(2) *The discovery cutoff.* Plaintiffs have proposed April 20, 2020 fact discovery and June 22, 2020 expert discovery cutoff dates in light of the extensive fact and expert discovery that the parties will need to conduct in the case, which will include third-party witnesses to the LRAD uses about which Plaintiffs complain as well as witnesses regarding relevant NYPD policies, practices, and training regarding LRAD uses, uses of force, and crowd control, among other topics, and expert witnesses on those topics as well as in LRAD uses and perhaps acoustic and/or medical as well as other experts. In light thereof, both times Judge Sweet considered how much time discovery would take, the Court set fact discovery cutoff dates 10 months out (*see* Dkts. 17, 70). Additionally, I expect to be on paternity leave beginning in around late August for approximately three months. I am lead counsel in the case, and co-counsel are not experienced enough to conduct discovery in this case without my direct supervision and participation. For those reasons, the parties have proposed mid-2020 fact and expert discovery cutoff dates.

Defendants do not object to the extended period of time to conduct discovery, but oppose Plaintiffs' proposed period of time to amend the complaint.

The parties thank the Court for the Court's attention to this matter.

Respectfully submitted,

/S/

Gideon Orion Oliver

cc: All counsel of record (by ECF)