UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------X
                                                :
Anika Edrei, et al.,                            :
                                                :
                            Plaintiff,          :        16 -CV-01652 (JMF)
                                                :
            -v-                                 :
                                                :        CIVIL CASE
City of New York, et al.,                       :        MANAGEMENT PLAN
                                                :        AND SCHEDULING
                            Defendant(s).       :        ORDER
                                                :
----------------------------------------------------------X

        This Civil Case Management Plan and Scheduling Order is submitted by the parties in
accordance with Fed. R. Civ. P. 26(f)(3).

1.      All parties [consent ☐ / do not consent ✓ ] to conducting all further proceedings
        before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).
        The parties are free to withhold consent without adverse substantive consequences. [*If all
        parties consent, the remaining Paragraphs should not be completed. Instead, within three
        (3) days of submitting this Proposed Case Management Plan and Scheduling Order, the
        parties shall submit to the Court a fully executed Notice, Consent, and Reference of a Civil
        Action to a Magistrate Judge, available at* http://nysd.uscourts.gov/file/forms/consent-to-
        proceed-before-us-magistrate-judge.]

2.      The parties [have ✓ / have not ☐ ] conferred pursuant to Fed. R. Civ. P. 26(f).

3.      Settlement discussions [have ☐ / have not ✓ ] taken place.

4.      [*If applicable*] Counsel have discussed an informal exchange of information in aid of early
        settlement and have agreed upon disclosure of the following information within
        _____ days/weeks:

        _____

        _____

        _____

        _____

        _____

5.  Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed no later than _Dec. 6, 2019_ . [*Absent exceptional circumstances, a date not more than thirty (30) days following the initial pretrial conference. Any motion to amend or to join additional parties filed after the deadline in this paragraph will be subject to the "good cause" standard in Fed. R. Civ. P. 16(b)(4) rather than the more lenient standards of Fed. R. Civ. P. 15 and 21.*]

6.  Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than than _June 25, 2019_ . [*Absent exceptional circumstances, a date not more than fourteen (14) days following the initial pretrial conference.*]

7.  [*If applicable*] The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than _June 17, 2019_ .

8.  Discovery

    a.  The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

    b.  All fact discovery shall be completed no later than _April 20, 2020_ . [*A date not more than 120 days following the initial pretrial conference, unless the Court finds that the case presents unique complexities or other exceptional circumstances.*]

    c.  The parties agree that there [is ☑ / is no ☐ ] need for expert discovery. If the parties agree that there is no need for expert discovery, all discovery shall be completed by the deadline for fact discovery, unless — prior to that date — a party files, and the Court grants, a letter-motion seeking an extension for purposes of taking expert discovery; any such motion should explain why expert discovery has become necessary and propose a schedule for such discovery. [*If any party believes that there is a need for expert discovery, the parties should complete Paragraph 8(d).*]

    d.  [*If applicable*] All expert discovery, including reports, production of underlying documents, and depositions, shall be completed no later than _June 22, 2020_ . [*Absent exceptional circumstances, a date not more than 45 days from the date in Paragraph 8(b) (i.e., the completion of all fact discovery).*]

    e.  The parties should not anticipate extensions of the deadlines for fact discovery and expert discovery set forth in the foregoing Paragraphs. Relatedly, the parties should not make a unilateral decision to stay or halt discovery (on the basis of settlement negotiations or otherwise) in anticipation of an extension. If something unforeseen arises, a party may seek a limited extension of the foregoing deadlines by letter-motion filed on ECF. Any such motion must be filed before the relevant deadline and must explain why, despite the parties' due diligence, discovery could not be completed by the relevant deadline.

9.   Interim Discovery Deadlines

   a.  Initial requests for production of documents shall be served by <u>July 11, 2019</u>  .
       [*Absent exceptional circumstances, a date not more than thirty (30) days following the
       initial pretrial conference.*]

   b.  Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District
       of New York shall be served by <u>July 11, 2019</u>  . [*Absent exceptional
       circumstances, a date not more than thirty (30) days following the initial pretrial
       conference.*] No Rule 33.3(a) interrogatories need to be served with respect to
       disclosures automatically required by Fed. R. Civ. P. 26(a).

   c.  Unless otherwise ordered by the Court, contention interrogatories pursuant to Rule
       33.3(c) of the Local Civil Rules of the Southern District of New York must be served no
       later than thirty (30) days before the close of discovery. No other interrogatories are
       permitted except upon prior express permission of the Court.

   d.  Unless otherwise ordered by the Court, depositions of fact witnesses shall be completed
       by the date set forth in Paragraph 8(b).

          i.  Absent an agreement between the parties or an order from the Court, depositions
              are not to be held until all parties have responded to initial requests for document
              production.

          ii.  There is no priority in deposition by reason of a party's status as a plaintiff or a
               defendant.

          iii. Absent an agreement between the parties or an order from the Court, non-party
               depositions shall follow initial party depositions.

   e.  Unless otherwise ordered by the Court, requests to admit shall be served by no later than
       thirty (30) days before the close of discovery.

   f.  Any of the deadlines in Paragraphs 9(a) through 9(e) may be extended by the written
       consent of all parties without application to the Court, provided that all fact discovery is
       completed by the date set forth in Paragraph 8(b).

   g.  In the event that there is expert discovery, no later than thirty (30) days prior to the date
       in Paragraph 8(b) (i.e., the completion of all fact discovery), the parties shall meet and
       confer on a schedule for expert disclosures, including reports, production of underlying
       documents, and depositions, provided that (1) expert report(s) of the party with the
       burden of proof shall be due before those of the opposing party's expert(s); and (2) all
       expert discovery shall be completed by the date set forth in Paragraph 8(c).

10.  All motions and applications shall be governed by the Federal Rules of Civil Procedure, the
     Local Rules of the Southern District of New York, and the Court's Individual Rules and
     Practices (available at http://nysd.uscourts.gov/judge/Furman).

11.   In the case of discovery disputes, parties should follow Local Civil Rule 37.2 with the
      following modifications. Any party wishing to raise a discovery dispute with the Court must
      first confer in good faith with the opposing party, in person or by telephone, in an effort to
      resolve the dispute. If this meet-and-confer process does not resolve the dispute, the party
      shall, in accordance with the Court's Individual Rules and Practices in Civil Cases, promptly
      file a letter-motion, no longer than three pages, explaining the nature of the dispute and
      requesting an informal conference. Any letter-motion seeking relief *must* include a
      representation that the meet-and-confer process occurred and was unsuccessful. Any
      opposition to a letter-motion seeking relief shall be filed as a letter, not to exceed three
      pages, within three business days. Counsel should be prepared to discuss with the Court the
      matters raised by such letters, as the Court will seek to resolve discovery disputes quickly,
      by order, by conference, or by telephone. **Counsel should seek relief in accordance with
      these procedures in a timely fashion; if a party waits until near the close of discovery to
      raise an issue that could have been raised earlier, the party is unlikely to be granted the
      relief that it seeks, let alone more time for discovery.**

12.   All counsel must meet in person for at least one hour to discuss settlement within fourteen
      (14) days following the close of fact discovery.

13.   Absent good cause, the Court will not have summary judgment practice in a non-jury case.
      Summary judgment motions, if applicable, and any motion to exclude the testimony of
      experts pursuant to Rules 702-705 of the Federal Rules of Evidence and the *Daubert v.
      Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), line of cases, are to be filed
      within thirty (30) days of the close of fact or expert discovery (whichever is later). Unless
      otherwise ordered by the Court, opposition to any such motion is to be filed two (2) weeks
      after the motion is served on the opposing party, and a reply, if any, is to be filed one (1)
      week after service of any opposition.

14.   Unless otherwise ordered by the Court, within thirty (30) days of the close of all discovery,
      or, if a dispositive motion has been filed, within thirty (30) days of a decision on such
      motion, the parties shall submit to the Court for its approval a Joint Pretrial Order prepared
      in accordance with the Court's Individual Rules and Practices and Fed. R. Civ. P. 26(a)(3).
      The parties shall also follow Paragraph 5 of the Court's Individual Rules and Practices for
      Civil Cases, which identifies submissions that must be made at or before the time of the
      Joint Pretrial Order, including any motions *in limine*.

15.   If this action is to be tried before a jury, joint requests to charge, joint proposed verdict
      forms, and joint proposed *voir dire* questions shall be filed on or before the Joint Pretrial
      Order due date in accordance with the Court's Individual Rules and Practices. Jury
      instructions may not be submitted after the Joint Pretrial Order due date, unless they meet
      the standard of Fed. R. Civ. P. 51(a)(2)(A). If this action is to be tried to the Court,
      proposed findings of fact and conclusions of law shall be filed on or before the Joint Pretrial
      Order due date in accordance with the Court's Individual Rules and Practices.

16.   Unless the Court orders otherwise for good cause shown, the parties shall be ready for trial
      two weeks after the Joint Pretrial Order is filed.

17. This case [is ✔ / is not ☐ ] to be tried to a jury.

18. Counsel for the parties have conferred, and the present best estimate of the length of trial is
10 trial days _____.

19. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in
Fed. R. Civ. P. 26(f)(3), are set forth below.

_____

_____

_____

_____

## TO BE FILLED IN BY THE COURT IF APPLICABLE:

_____ shall file a motion for/to _____ no
later than _____. Any opposition shall be filed by _____.
Any reply shall be filed by _____. At the time any reply is due, the moving party
shall supply one courtesy hard copy of all motion papers by mail or hand delivery to the Court in
accordance with the Court's Individual Rules and Practices.

The parties shall contact the Chambers of the Magistrate Judge assigned to this case on or
before _____ in order to schedule settlement discussions under his/her supervision in
or about _____.

2019
The parties shall file a joint letter by ___Oct. 11, 2018___ indicating whether they
would like the Court to refer the case to the assigned Magistrate Judge and/or the Court mediation
program for settlement purposes and, if so, approximately when they believe a settlement
conference should be held.

The next pretrial conference is scheduled for ___Apri 21, 2020___ at
___3 pm___ in Courtroom 1105 of the Thurgood Marshall Courthouse, 40 Centre Street, New
York, New York 10007.

Absent leave of Court, by **Thursday of the week prior to any future conference**, the
parties shall file on ECF a joint letter, not to exceed three (3) pages, regarding the status of the case.
The letter should include the following information in separate paragraphs:

(1) A statement of all existing deadlines, due dates, and/or cut-off dates;

(2) A brief description of any outstanding motions;

(3) A brief description of the status of discovery and of any additional discovery that needs to
be completed;

10/22/2018 Version

(4) A list of all prior settlement discussions, including the date, the parties involved, whether any third-party (e.g., Magistrate Judge, mediator, etc.) was involved, and the approximate duration of such discussions, if any;

(5) A statement of whether or how the Court could facilitate settlement of the case (for example, through a(nother) settlement conference before the assigned Magistrate Judge or as part of the Court's Mediation Program);

(6) A statement of the anticipated length of trial and whether the case is to be tried to a jury;

(7) A statement of whether the parties anticipate filing motions for summary judgment; and

(8) Any other issue that the parties would like to address at the pretrial conference or any

information that the parties believe may assist the Court in advancing the case to settlement

or trial.

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Further, the use of any alternative dispute resolution mechanism does not stay or modify any date in this Order. Indeed, unless the Court orders otherwise, parties engaged in settlement negotiations must proceed on parallel tracks, pursuing settlement and conducting discovery simultaneously. Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail.

Any application to modify or extend the dates herein (except as provided in Paragraph 9(f)) shall be made in a written application in accordance with Court's Individual Rules and Practices for Civil Cases and shall be made no fewer than two (2) business days prior to the expiration of the date sought to be extended. Absent exceptional circumstances, extensions will not be granted after deadlines have already passed.

SO ORDERED.

Dated: June 11, 2019
New York, New York

JESSE M. FURMAN
United States District Judge