

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**PETER W. BROCKER**
*Assistant Corporation Counsel*
*Phone: (212) 356-2332*
*Fax: (212) 356-3509*
*pbrocker@law.nyc.gov*

November 27, 2019

**VIA ECF**
Honorable Jesse M. Furman, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    Anika Edrei, et al. v. City of New York, et al.,
              16 Civ. 1652 (JMF) (BCM)

Your Honor:

      I am an Assistant Corporation Counsel in the office of James E. Johnson, Corporation Counsel of the City of New York, attorney for defendants the City of New York, P.O. Michael Poletto, and Lt. John Maguire (collectively, "defendants") in the above referenced matter. Defendants write to respectfully request that the Court schedule an informal conference regarding defendants' request that the Court issue a protective Order, pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, limiting defendants' responses to plaintiffs' First Set of Interrogatories and Document Demands, dated October 14, 2019 (hereinafter, the "October Discovery Requests") (annexed hereto as Exhibit "A").

      By way of brief background, plaintiffs brought this action claiming that defendants used, *inter alia*, excessive force when they used the "alert tone" on a long-range acoustic device ("LRAD") model 100x while they were engaged in protests on December 4 –5, 2014 in New York, NY. (*See*, Dkt. No. 21, Plaintiffs' First Amended Complaint). After a motion to dismiss was fully litigated,[1] the Court adopted the parties' proposed discovery schedule at the initial conference in this matter. (*See*, Dkt. No. 84). In that scheduling Order, plaintiffs were directed to serve their first document requests and interrogatories on July 11, 2019. (*Id.*) However, the parties were permitted to modify this deadline on consent without further Court action.

      Ultimately, plaintiffs served their First Set of Interrogatories and Document Demands on August 19, 2019 (hereinafter, the "August Discovery Requests"), just outside of the window in

---

[1] Defendants motion to dismiss was granted in part and denied in part. Plaintiffs' claims for excessive force and a single theory of municipal liability for deliberate indifference survived, as well as claims for assault and battery under New York State law. (*See*, Dkt. No. 53, Decision & Order of J. Sweet, dated May 31, 2017).

which defendants had agreed to accept them. Defendants objected to the August Discovery Requests as untimely and because they were overbroad. In an effort to avoid judicial intervention, the parties' agreed to negotiate in good faith to limit the discovery requests, and in exchange defendants agreed to accept revised requests at a later date. (*See*, e-mail dated August 23, 2019, annexed hereto as Exhibit "B"). Following several emails and telephone calls, the parties were unable to resolve the disputes regarding the scope of plaintiffs' August Discovery Requests.[2] Ultimately, defendants accepted service of plaintiffs' revised October Discovery Requests on October 17, 2019. Plaintiffs' agreed to accept defendants' responses to the October Discovery Requests on, or before, December 9th.

Defendants now write to request a Protective Order related to the October Discovery Requests, which are irrelevant, premature, and seek privileged information and documents. The Court has broad discretion in granting a protective order, which is to be issued upon a consideration of the "balance of the litigation needs of the requesting party and the protectable interests of the party from whom discovery is sought." *All. Indus. v. Longyear Holding, Inc.*, No. 08CV490S, 2010 U.S. Dist. LEXIS 119973, at *11 (W.D.N.Y. Mar. 19, 2010) (citing *Mitchell v. Fishbein*, 227 F.R.D. 239, 245 (S.D.N.Y. 2005)).

    a. *Plaintiffs' Irrelevant Requests:*

Plaintiffs' October Discovery Requests seek information and documents that are irrelevant to the claims and defenses at issue in this matter. "Relevance under Rule 26 is construed 'broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Rapid-Am. Corp. v. Travelers Cas. & Sur. Co. (In re Rapid-Am. Corp.)*, Nos. 13-10687 (SMB), 15-01095 (SMB), 2018 Bankr. LEXIS 378, at *12 (Bankr. S.D.N.Y. Feb. 12, 2018) (quoting *Evans v. Calise*, No. 92 CIV 8430 (PKL), 1994 U.S. Dist. LEXIS 6187, 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994)). However, the burden is on the party seeking discovery to demonstrate the relevance of the discovery requested. *Id.*; *Cohen v. City of New York*, 255 F.R.D. 110, 117 (S.D.N.Y. 2008) (citing *Mandell v. Maxon Co.*, No. 06 Civ. 460, 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007)).[3]

Plaintiffs seek information and documents related to (A) unrelated types of force, *e.g.* Tasers and concussion grenades (Interrogatory Nos. 8 & 9; Document Request Nos. 28, 34, 66(o) – (q), 68(h), & 69), (B) the manner in which the NYPD responded to plaintiffs' New York State Freedom of Information Law ("FOIL") requests, as well as unrelated press reports (Interrogatory Nos. 20 & 21; Document Request Nos. 35, 51, 52, & 53); (C) unrelated uses of the LRAD, including uses that did not use the "alert tone" and other types of LRADs, as well as into unrelated causes of hearing damage to police officers (Interrogatory No. 25; Document Request

---

[2] Defendants therefore have satisfied the requirement to meet-and-confer in the Court's Individual Rule 2.C. and in Rule 26(c) of the Federal Rules of Civil Procedure.

[3] To the extent plaintiffs' seek discovery into their stricken *Monell* claims, that is clearly irrelevant. *See*, *e.g.*, *Capri Sun GmbH v. Am. Bev. Corp.*, 2019 U.S. Dist. LEXIS 187778, at *17 (S.D.N.Y. Oct. 29, 2019).

Nos. 38, 39, 40, 41, 42, 54, 62, 63, 64, 59, 60, & 61; Request to Inspect Nos. 78 & 79); (D) unrelated arrests and injuries at the Dec. 4 – 5, 2014 protest (Interrogatory Nos. 2, 3, & 5; Document Request Nos. 13, 16, 17, & 18).

Whether the LRAD 100x, as used, constituted force and whether that force was excessive in light of the circumstances confronting the officers, does not have anything to do with what circumstances may warrant the use of pepper spray or any other specific type of force. Further, the claims and defenses in this matter do not relate to whether FOIL searches and press responses were well informed or thoroughly researched. Additionally, other LRAD models than the 100x and other uses of the LRAD 100x, particularly uses that do not implicate the deterrent tone or that post-date the incident giving rise to this lawsuit are entirely irrelevant. It is conceivable that unrelated arrests and unrelated injuries to police officers prior to the use of the LRAD at the December 4 – 5, 2014 protests at issue in this lawsuit may have factored into the decision to use the LRAD. However, the specific individuals arrested and their arrest paperwork, and the officers' line-of-duty injury paperwork are not relevant to the claim that the LRAD, as used, constituted excessive force.[4] As a result, defendants should not be forced to respond to these discovery requests.

      b.  *Plaintiffs' Premature Electronically Stored Information Requests:*

Document Request Nos. 3, 48, 49, and 50 request discovery into electronically stored information without first complying with the requirements that parties meet-and-confer before such requests are made, and defendants should not have to respond as a result. *See*, *e.g.*, Fed. R. Civ. P. 26(f). In the parties' 26(f) conference, plaintiffs did not raise that they would be seeking electronically stored information, and the parties did not discuss the scope of such discovery, *e.g.* the identification of custodians and search terms. *C.f. Hinterberger v. Catholic Health Sys., Inc.*, No. 08-CV-380S(F), 2013 U.S. Dist. LEXIS 73143, at *16 (W.D.N.Y. May 21, 2013) (the parties engaged in lengthy and ongoing ESI conferrals).

      c.  *Plaintiffs' Requests for Privileged Documents and Information:*

Finally, Document Request Nos. 8, 9, 12, 20, and 65 seek documents that reflect how resources are deployed in response to a large scale demonstration, which is protected by the law enforcement privilege. *Dinler v. City of New York*, 607 F.3d 923, 944 (2d Cir. 2010); *In re The City of New York*, 2010 U.S. App. LEXIS 11784, 2010 WL 2294134, at *2 (recounting the major security concerns for New York City related to hosting the Republican National Convention).

---

[4] Even if this information and documentation were relevant, it is not proportional to the needs of the case. *See*, Fed. R. Civ. P. 26(b).

For the above reasons, defendants request an informal conference regarding their motion for a protective order, pursuant to Your Honor's Rule 2.C.

Thank you for your consideration in this regard.

Respectfully Submitted,

*Peter W. Brocker* s/

Peter W. Brocker, Esq.
*Assistant Corporation Counsel*

cc: All Counsel of Record (Via ECF)