

March 25, 2020

**BY ECF**
Hon. Jesse M. Furman
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    *Anika Edrei, et al. v. City of New York, et al.*, 16-cv-01652 (JMF)

Your Honor:

I am co-counsel for Plaintiffs in the above-captioned matter. I write jointly with Defendants to respectfully request that the Court stay this matter for 90 days, pending the present public health crisis currently afflicting the City of New York.[1] Additionally, in light of the instant stay request, Plaintiffs request that the Court grant them an additional 30 days after this matter resumes to amend their complaint. Defendants consent to this request.

**With respect to the joint application for a 90-day stay**, as the Court is aware, the country is currently grappling with the COVID-19, or coronavirus, pandemic. On March 7, 2020, Governor Andrew Cuomo declared that New York is in a state of emergency because of the rapidly developing pandemic situation. On March 13, 2020, Mayor Bill de Blasio followed suit, and declared New York City to be in a state of emergency as well. That same day, the United States District Court for the Southern District of New York ("Southern District") issued Standing Order 20 MISC 138, which encouraged individual judges to conduct court proceedings by phone and video conferencing where practicable. Also on March 13, 2020, the Southern District issued Standing Order 20 MISC 015, which suspended and tolled service of process requirements and deadlines. On March 16, 2020, the Southern District issued a Revised Standing Order further limiting access to courthouses. Finally, on March 22, 2020, Gov. Cuomo issued further Orders restricting the movement of persons and attempting to impose, to the greatest extent possible, work-from-home on all employers. Specifically, on March 22, 2020, Governor Cuomo issued Executive Order No. 202.08, which provides in sum and substance that, as of March 22, 2020, all non-essential business workforce must stay home. President Donald Trump, Gov. Cuomo, Mayor DiBlasio, and public health officials around the country and world have warned of the dire and worsening public health crisis in which New York City is now embroiled, and have urged social distancing as the only effective tool to address it.

In light of pronouncements from government officials, public health experts, and judges, the New York City Law Department, along with the majority of employers in New York City and State, has advised that individuals should work from home to ensure compliance with public policy directives, and to protect individuals from further community spread of the virus. Of course, working

---

[1] The parties propose that the stay not impact the resolution of the discovery motions pending before the Court at Dkts. 103 and 109-110, including any potential telephonic conference, so that when this matter resumes, discovery can proceed forthwith.



from home creates a number of challenges that directly impact litigation, particularly as the parties work to schedule depositions and examinations of the device at issue, the Long Range Acoustic Device ("LRAD"). For example, deposition preparation, particularly for depositions pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, necessitates several preparation sessions with each officer, including at least some in-person meetings. Further, the NYPD is operating with already strained resources, and has called in every available officer to further its core functions; any discovery in this matter would further strain these already depleted resources.

Plaintiffs' counsel are all making the adjustments necessary to work from home, including on this case. However, Plaintiffs' counsel does not have access to all of the discovery documents and case files that will be necessary to prepare for and conduct depositions, which are in offices we cannot currently physically access – and it remains unclear when we will be able to access our offices and those documents. Beyond that, we do not anticipate having the technical capacity to conduct effective remote video depositions (including utilizing those documents) for at least several more weeks. Among other things, that we will need to complete the process of obtaining, setting up, and troubleshooting additional computer equipment. And even after we can be prepared to conduct effective, remote video depositions utilizing the documents exchanged in discovery in the case, there will be no effective way to utilize the multiple videos and audio files that the parties will need to play, pause, rewind, and re-play, over and over, for each fact witnesses effectively, and to create a meaningful, useful, and admissible record of testimony about the December 5, 2014 uses of force and circumstances leading up to them, utilizing remote video technology. Plaintiffs do not think it will be possible to conduct the depositions of the individual Defendants or any third-party witnesses to the uses of force and circumstances leading up to them until counsel and the witnesses can all be in the same room.

As a result of the foregoing, and in light of the ongoing and unprecedented public health crisis, the parties jointly and respectfully request that this Court stay this matter for 90 days.

**With respect to Plaintiffs' application for an additional 30 days within which to amend the operative pleading after the stay is lifted,** Plaintiffs' position is that, under the circumstances, Plaintiffs cannot meaningfully amend the *Monell* claims as pleaded in the First Amended Complaint (the "FAC"), let alone by March 31, 2020, as required. As we explained to the Court and to the parties at the parties' first appearance in this case before Your Honor, when we filed the FAC, we believed that the NYPD had *no* training regarding LRADs in December of 2014. Since then, Defendants have disclosed some documents that they characterize as, and some other documents that appear to be, LRAD-related training materials, some of which appear to pre-date December of 2014. Plaintiffs' position that Plaintiffs require additional discovery regarding those documents, including 30(b)(6) testimony, in order to amend the FAC, is set forth in Plaintiffs' opposition to Defendants' application for a protective order/Plaintiffs' motion to compel and to strike (Dkt. 109). Additionally, at this point, given the above-described challenges to working with co-counsel and the case records, Plaintiffs cannot meaningfully amend the FAC by March 31, 2020 utilizing the discovery produced to date. Although, as seen in Dkt. 110, Defendants disagree that Plaintiffs require additional discovery to amend, Defendants nevertheless consent to Plaintiffs' application.

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



Thank you for your consideration of these matters.

Respectfully submitted,

/S/

Elena L. Cohen

cc: All counsel (by ECF)

Application GRANTED. The case is stay for 90 days and the pretrial conference is ADJOURNED to **September 29, 2020, at 3:00 p.m**. Plaintiffs shall file their amended pleadings within 30 days of the stay being lifted. Within 90 days of the date of this order, the parties shall submit a joint status letter addressing whether they are prepared to proceed and whether they believe any further changes to the schedule are necessary. The Clerk of Court is directed to terminate ECF No. 111. SO ORDERED.

March 31, 2020

Page 3 of 3

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com