

**THE CITY OF NEW YORK**

**JAMES E. JOHNSON**
*Corporation Counsel*

# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**PETER W. BROCKER**
*Assistant Corporation Counsel*
*T: (212) 356-2332*
*F:(212) 356-3509*
*E:  pbrocker@law.nyc.gov*

June 29, 2020

**BY ECF:**
Hon. Jesse M. Furman, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:     Anika Edrei, et al. v. City of New York, et al.,
16 Civ. 1652 (JMF) (BCM)

Your Honor:

I am an Assistant Corporation Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York, and the attorney for defendants the City of New York, Police Officer Michael Poletto, and Lt. John Maguire (collectively, "defendants") in the above referenced matter. Defendants write jointly with plaintiffs to respectfully request that the Court extend the stay of this matter for an additional 60 days, from June 29, 2020 to August 28, 2020.

There are two reasons for this request. First, as the Court is aware, the City of New York is in the process of resuming quasi-normal business following the Covid-19 public health crisis and shutdown. Both plaintiff's counsel and the Office of Corporation Counsel is continuing to work from home to maintain social distancing, however. Continued remote operations have hampered the parties' ability to move into the next phase of this litigation, particularly as the parties work to schedule an in person examination of the device or devices at issue, the Long Range Acoustic Device ("LRAD"). Such a test will require a group of more than 10 individuals to meet in person, and will require personnel and other resources from the NYPD. The NYPD is continuing to operate with strained resources due to both the Covid-19 impacts, as well as the recent and ongoing Black Lives Matter protests. The test will also require experts to be present in person. Additionally, depositions pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure are not yet possible. Deposition preparation, particularly for depositions pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, necessitates several preparation sessions with each officer, including at least some in-person meetings. Defendants remain unable to hold these preparation sessions.

Second, the parties are using this time to continue discussions aimed at resolution of this matter. Defendants' are in the process of responding to plaintiffs' most recent settlement demand, and the parties believe the duration of this further 60 day stay will give the parties the best chance at resolving this matter, should that be possible.

As a result of the foregoing, and in light of the ongoing and unprecedented public health crisis, the parties respectfully request that this Court extend the stay of this matter for 60 days, until August 28, 2020.

Thank you for your consideration of this matter.

Respectfully Submitted,

*Peter W. Brocker /s//*

Peter W. Brocker, *Esq.*
*Assistant Corporation Counsel*

Application GRANTED.  The Court is of the view that this case can and should settle. Accordingly, to encourage the parties' settlement efforts, the stay is hereby EXTENDED to **August 28, 2020**.  Future extension requests, however, will likely be denied.  In light of the extension and the parties' focus on settlement, the Court exercises its discretion to deny the pending discovery-related motion without prejudice to renewal by August 14, 2020.

The Clerk of Court is directed to terminate ECF Nos. 102 and 113.  SO ORDERED.

June 29, 2020