UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

ANIKA EDREI, *et al.*,

                                        Plaintiffs,          **STIPULATION OF**
                    -against-                                **SETTLEMENT**

                                                            16 Civ. 1652 (JMF) (BCM)
THE CITY OF NEW YORK, *et al.*,

                                        Defendants.

---------------------------------------------------------------------- X

      **WHEREAS,** plaintiffs Anika Edrei, Shay Horse, Alexander Appel, Michael Nusbaum, and James Craven (collectively, the "Plaintiffs") commenced this action alleging certain named defendants violated their federal civil rights by injuring them using the "alert" a/k/a "deterrent" tone on the Long Range Acoustic Device ("LRAD") in connection with policing Black Lives Matter protests on December 4-5, 2014, and consequently seeking declaratory and injunctive relief as well as monetary damages; and

      **WHEREAS**, Plaintiffs filed a complaint in this action on March 3, 2016; and

      **WHEREAS**, Plaintiffs filed an amended complaint on August 3, 2016; and

      **WHEREAS**, former plaintiff Keegan Stephan voluntarily dismissed all of his claims with prejudice on September 23, 2019, and is therefore not included among the settling Plaintiffs herein; and

      **WHEREAS,** defendants City of New York, Lieutenant John Maguire, and Police Officer Michael Poletto have denied any and all liability arising out of Plaintiffs' allegations; and

**WHEREAS,** following settlement negotiations, the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

**WHEREAS,** Plaintiffs have authorized their counsel to settle this matter on the terms set forth below.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1.   **LONG RANGE ACOUSTIC DEVICE POLICY**

   a.   The NYPD shall amend the Administrative Guide to include the section set forth in Appendix "A" within a reasonable time from the date the parties execute this stipulation.

2.   **TRAINING**

   a.   The NYPD shall amend its LRAD training materials consistent with the Administrative Guide provision set forth in Appendix "A" within a reasonable time from the date of the Administrative Guide amendment described in Paragraph "1(a)."

   b.   The NYPD shall provide Plaintiffs, through counsel, with their proposed amended LRAD-related training materials created in accordance with Paragraph "2(a)" within a reasonable time prior to implementing them.

   c.   Through counsel, Plaintiffs may submit any comments or concerns regarding the content of that training to defense counsel.

   d.   Defendants and defense counsel shall have no legal obligation regarding Plaintiffs' comments or concerns.

3.    **SETTLEMENT WITH INDIVIDUAL PLAINTIFFS**

      a.    In exchange for the consideration set forth above in Paragraphs "1" and "2," including all sub-parts, and in Paragraphs "3(a)(i)," "3(a)(ii)," "3(a)(iii)," "3(a)(iv)," "3(a)(v)," and in Paragraph "4," including all sub-parts, Plaintiffs agree to the dismissal with prejudice of all the claims against the defendants and to release defendants City of New York, John Maguire and Michael Poletto, their successors or assigns, and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiffs' civil rights and any and all related state law claims, including any claims for equitable relief, from the beginning of the world to the date of the General Releases, including claims for costs, expenses, and attorneys' fees.

        i.    The City of New York agrees to pay plaintiff Anika Edrei $15,000;

        ii.    The City of New York agrees to pay plaintiff Shay Horse $15,000;

        iii.    The City of New York agrees to pay plaintiff James Craven $18,000;

        iv.    The City of New York agrees to pay plaintiff Alexander Appel $20,000; and

        v.    The City of New York agrees to pay plaintiff Michael Nusbaum $30,000.

      b.    Plaintiffs Edrei, Horse, Appel, Nusbaum, and Craven shall each execute and serve on the City of New York's attorney by e-mail to defense counsel, or by legal tender (either by personal service or certified mail) at 100 Church Street, 4th Floor, New York, New York 10007, all documents necessary to effect this settlement, to wit, a General Release, based on the consideration enumerated in Paragraph "3(a)," IRS Form W-9, and an Affidavit of Status of Liens. Prior to tendering the requisite documents to effect this settlement, Medicare-recipient plaintiffs

must obtain and submit a final demand letter from their Medicare provider(s) for the reimbursement of any conditional payments made for the injuries claimed in this matter. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

      i.    Plaintiffs Edrei, Horse, Appel, Nusbaum, and Craven agree to hold harmless defendants regarding any past and/or future Medicare claims, presently known or unknown, in connection with this matter.

      ii.    If Medicare claims are not satisfied, defendants reserve the right to issue a multiparty settlement check naming the Medicare provider as a payee or to issue a check directly to the Medicare provider for the amount claimed in the Medicare provider's final demand letter.

c.    Nothing contained herein shall be deemed to be an admission by Defendants that they have, in any manner or way, violated Plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York.

d.    This Stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement.

e.    Plaintiffs direct that the payments identified in paragraphs "3(a)(i)," "3(a)(ii)," "3(a)(iii)," and "3(a)(iv)," and "3(a)(v)," shall be made by delivering checks written to each Plaintiff individually to the attention of Elena Cohen, Esq., 1639 Centre St, Suite 216, Ridgewood, NY 11385.

4.      **ATTORNEYS' FEES AND COSTS**

     a.      Plaintiffs have assigned all of their rights to attorneys' fees, expenses, and costs to their counsel, Elena Cohen and Gideon Oliver.

     b.      Counsel for Plaintiffs, Elena Cohen and Gideon Oliver, hereby agree and represent that no other claims for attorneys' fees, expenses, or costs arising out of this action shall be made by or on behalf of Plaintiffs in any application for attorneys' fees, expenses, or costs at any time.

     c.      The City of New York agrees to pay $650,000 to Plaintiffs' counsels, Elena Cohen and Gideon Oliver, in full satisfaction of all claims for costs, expenses, and/or attorneys' fees accrued in relation to the above-captioned matter.

     d.      In consideration of the payment of this sum, Plaintiffs' counsels, Elena Cohen and Gideon Oliver, agree to release and hold harmless defendants City of New York, John Maguire, and Michael Poletto, their successors or assigns, and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action claims for costs, expenses, and attorneys' fees in the above-referenced action from the beginning of the world to the date of the General Releases.

     e.      Counsel for plaintiffs, Elena Cohen and Gideon Oliver, shall execute and deliver to the City of New York's attorney all documents necessary to effect the settlement of attorneys fees, to wit, a General Release and an W-9 IRS Form.

     f.      Per Plaintiffs' counsels' instruction, full payment shall be delivered to Plaintiffs' attorney: Elena Cohen, Esq., who will be solely responsible for distributing funds to any other attorney for fees, costs, and/or expenses accrued in connection with this Matter.

g.      Per Plaintiffs' counsels' instruction, payment shall be mailed to Elena Cohen, Esq.,

1639 Centre St, Suite 216, Ridgewood, NY 11385.

5.          **INCORPORATION**

a.      This Stipulation of Settlement contains all the terms and conditions agreed upon by

the parties hereto, and no oral agreement entered into at any time nor any written agreement

entered into prior to the execution of this Stipulation of Settlement regarding the subject matter

of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the

terms and conditions contained herein.

6.      **GOOD FAITH AND CONTINUING JURISDICTION**

a.      The parties agree to work in good faith to fulfill all the terms of this Stipulation of

Settlement.

b.      Notwithstanding the dismissal of this action in accordance with this Court's April

14, 2021 Order of Dismissal (ECF No. 142) and this agreement, the District Court shall continue

to maintain jurisdiction over this action for the limited purpose of enforcing the terms of this

Stipulation of Settlement, if necessary.

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]**

- 6 -

Dated:    New York, New York
          April 16, 2021

ELENA L. COHEN
*Attorney for Plaintiffs*
1639 Centre St, Suite 216
Ridgewood, NY 11385
P: (347) 365-9454
E: elenacohenesq@gmail.com

By: _____
      Elena Cohen, Esq.

GIDEON ORION OLIVER
*Attorney for Plaintiffs*
1825 Foster Avenue, Suite 1K
Brooklyn, NY 11230

_____
Gideon Orion Oliver, Esq.

JAMES E. JOHNSON
Corporation Counsel of the
   City of New York
*Attorney for defendants City of New York,
   Lt. John Maguire, & P.O. Michael
   Poletto*
100 Church Street, 4th Floor
New York, New York 10007

By: _____
      Peter W. Brocker, Esq.
      *Assistant Corporation Counsel*

SO ORDERED:

_____
HON. JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE

- 7 -

# APPENDIX "A"

# ADMINISTRATIVE GUIDE RE:
# LONG RANGE ACOUSTIC DEVICE

## ADMINISTRATIVE GUIDE

<u>Section</u>:        TBD                  <u>Procedure No.</u>: TBD

\*\*\*

**PURPOSE**

    To Establish criteria for determining when and how to use the Long Range Accoustic Device ("LRAD"), so as to facilitate effective communications at details, pre-planned events, and other events requiring the dissemination of information effectively over large distances and/or over ambient noise.[1]

**EQUIPMENT**

    <u>Long Range Acoustic Device Model 100X (LRAD 100X)</u> - Hand-held portable sound amplification system, pre-recorded messages, and a microphone for use in supplementing and delivering public addresses and information.

    <u>Long Range Acoustic Device (LRAD) Model 500X (LRAD 500X)</u>- Vehicle mounted sound amplification system, pre-recorded messages, and a microphone for use in supplementing and delivering public addresses and information.

**PROCEDURE**:

- <u>Who May Authorize LRAD Use</u>:
  - o Commanding Officer of the NYPD's Disorder Control Unit
  - o All NYPD Supervisors
  - o NYPD Legal Bureau Attorneys
- <u>Who May Use the LRAD</u>:
  - o Any UMOS who has successfully completed the LRAD operator course
- <u>Additional LRAD Operations Considerations</u>:
  - o Power Settings: LRADs shall be used within the manufacturer's safe operation guidelines as well as the requirements of the Occupational Safety and Health Administration ("OSHA"), as set forth in the LRAD Operator Training;
  - o Minimum Safe Distances: As set forth in the LRAD Operator Training, UMOS must make reasonable efforts to maintain minimum safe distances between the LRAD and all persons within its cone of sound;
  - o Alert Tone: the LRAD alert tone shall **<u>NOT</u>** be used.

**FORMS AND REPORTS**:

    If the LRAD is used, the operating UMOS must note such use in his or her electronic Daily Activity Log and **MUST** include the following:

- The term "LRAD;"
- Which model of LRAD was used;
- Time, Place, and Occurrence of LRAD use;

**ADDITIONAL DATA**:

---

[1] Nothing in this Administrative Guide shall impact the operations of the NYPD Harbor Unit.

- UMOS with any questions as to LRAD use, purpose, or operation are encouraged to reach out to the NYPD Legal Bureau at (646) 610-5400;
- Failure to comply with the provisions of this procedure will subject UMOS to discipline for violation of this provision, as well as violation of P.G. § 203-10;
- Misuse of any LRAD in a manner that is likely to result in injury to other UMOS, MOS, or non-NYPD personnel may be subject to such further discipline as deemed appropriate.